## W. CREAMER v. THE STATE.

34 173
28a 26
34 173
37a 577
38a 100

1. When, by virtue of article 648 of the Code of Criminal Procedure (Paschal's Digest, article 3113,) a husband is examined as a witness in behalf of his wife, or a wife in behalf of her husband, the witness is subject to be cross-examined, and should be subjected to as rigid a cross-examination as any other witness. But new matter,.not covered by the examination in chief, cannot be elicited on the cross-examination.

2. The right of the State to cross-examine a husband or wife, testifying in behalf of each other, was not raised in Griffin v. The State (32 Texas, 164); wherefore the views expressed by the judge who delivered the opinion in that case, to the effect that such witness was not subject to cross-examination, were *obiter dicta*.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The opinion states the only facts of significance.

*J. R. Burns*, for the appellant, cited Griffin v. The State, 32 Texas, 164.

*Wm. Alexander*, Attorney General, for the State.

OGDEN, J.—The defendant in this case was indicted, tried, and convicted of the theft of two hogs, and from the judgment of conviction he has brought his case to this court by an appeal, and assigns as error, for the reversal of the case, that the court below, on the trial of the case, erred in permitting the district attorney to cross-examine the wife of defendant, after she had been put upon the witness stand by defendant, and had passed through an examination in chief. It is claimed by counsel for the defendant, that the latter clause of article 3113, Paschal's Digest,—which reads as follows: "The husband and wife can in no case testify against each other, except in criminal prosecutions for an offense committed by one against the other, but they may, in all criminal prosecu-

tions, be witnesses for each other,"—denies to the State the right of cross-examination of either the husband or wife, when put upon the stand to testify for the other; and relies on the authority of Griffin v. The State, decided by this court at the Tyler term in 1869. The main question for decision in that case was as to the right of the district attorney to comment on the weight of the testimony of the wife of the defendant, who had testified for her husband, without a cross-examination, and the court below, and this court on an appeal, fully sustained that right under the statute. But the learned judge who delivered the opinion in that case, in noticing the innovation of our statute upon the common law rule that the husband and wife could not testify for or against each other, seems to have been reluctantly led to the further conclusion, that when the husband or wife had, under our statute, been put upon the stand to testify for the other, he or she could not be cross-examined. That question was not raised in Griffin v. The State, and the enunciation of that principle seemed to be the result of a cherished regret at so many and radical innovations upon old and well established rules. But we are unwilling to believe that the Legislature intended thus recklessly to strike a fatal blow at the very foundation of all judicial investigation and truth, and at the same time to open a wide door to mistakes, errors, fraud and perjury. The principal if not the only object of a cross-examination is to test the truth of the evidence given on the examination in chief; not to elicit new facts, but to criticise and weigh those which have already been given; to sift the *truth* from error, prejudice and ignorance, and to present to the court and jury only that which is the true measure of justice and equity. Greenleaf says that the object of a cross ex-amination "is to fully investigate and ascertain the situation of the witness with respect to the parties and to the subject of litigation, his interest, his motives, his inclination, and prejudices, his means of obtaining a correct and certain knowledge of the facts to which he bears testimony, the manner

Opinion of the court.

in which he has used those means, his powers of discernment, memory, and description, and submit them to the consideration of the jury before whom he has testified, who have thus an opportunity of observing his demeanor, and determining the just weight and value of his testimony." (1 Greenleaf, 446, 449; see also 1 Starkie Ev., 129.) We are unable to see how a cross-examination of the wife, properly understood, could be construed into testimony against her husband, and more especially if the wife has testified in her examination in chief to nothing but the truth. And if she has testified falsely, then truth, justice and the law demand that she should be exposed, regardless of the consequences. We are therefore of the opinion that whenever a husband or wife is put upon the witness stand to testify in behalf of the other, he or she so testifying should be subjected to as rigid a cross-examination as any other witness, with the exception only that he or she could not be examined in regard to anything against the other about which there had been no testimony on the examination in chief. This we believe is the true intent and meaning of the statute, and the only one that can reconcile the law with the principles of truth and justice.

The other assignments are so vague and uncertain, and so far variant from the requirements of article 1591, Paschal's Digest, that we do not feel called upon to notice them. The judgment of the district court is affirmed.

Affirmed.