## JOE GOODE v. THE STATE.
### *No. 676. Decided November 22.*

1. **Evidence to Corroborate a Witness.** — Where a witness was permitted, over objection of defendant, to state that he had testified to the same facts before the grand jury, the objection being that he could not corroborate his testimony in this manner, *held*, the objection was not tenable, the witness being as competent to testify to such statements as was any member of the grand jury.

2. **Same — Impeached Witness.** —Where a witness has been impeached by proof of conflicting and contradictory statements made by him. it is competent to corroborate his testimony on the trial, by proof showing that he had made the same statements as testified to by him to a witness on the night following the alleged crime.

3. **Evidence of Extraneous Crimes as Affecting the Credibility of a Witness.**—The rule permitting the credibility of a witness to be attacked by evidence showing that he has been convicted of crime, is limited and restricted to convictions involving moral and legal turpitude.

4. **Assault with Intent to Murder—Charge—Aggravated Assault and Battery.**—On a trial for assault to murder, where the evidence suggests the issue of aggravated assault and battery, the charge of the court should submit that issue to the jury under appropriate instructions.

APPEAL from the District Court of Lampasas. Tried below before Hon. W. A. BLACKBURN.

This appeal is from a judgment of conviction for assault with intent to murder, wherein the punishment was assessed at imprisonment in the penitentiary for a term of three years.

The testimony showed, that Mrs. Nelson, the injured party, occupied two tents, one of which was called by the witnesses the big tent and the other the little tent, both fronting south, but the little tent standing from two to four feet from and to the rear of the big tent. The testimony introduced by the State tended to show, that on the day of the difficulty the

defendant and one Bass came to the tent intoxicated, entered the large tent, and were swearing and boisterous; that Mrs. Nelson was there in the little tent, and ordered them away, and sent her little boy for an officer to take them away; that when she sent for the officer the defendant, drawing a pistol, started to the entrance of the little tent where Mrs. Nelson was standing, and presented it at her, threatening to kill her; that as he approached she got her pistol, and when she reached the entrance of the little tent she snapped her pistol at defendant, and then she and defendant fired at each other at the same time, when defendant passed along the passway between the tents to the side of the little tent, and there fired five or six shots into the side of and through the little tent; that the first shot fired by defendant struck Mrs. Nelson in the left side, the ball passing through her. The State's testimony further tended to show that defendant went to the tent for the purpose of raising a difficulty.

The testimony introduced by defendant tended to show, that Mrs. Nelson was a notorious prostitute, and that she kept the tent as a house of prostitution; that the defendant had no ill feeling against Mrs. Nelson; that he started to go from the big tent to the little tent after Mrs. Nelson had ordered him not to come in; that when he reached the entrance of the little tent Mrs. Nelson put her pistol against him and snapped it; that he then shrunk back a little, when she fired at him, the ball passing through his coat; that he then passed along the passway between the tents, drawing his pistol as he went, passed around to the side of the tent, and fired five shots through the tent. The testimony further tended to show, that he only had five loads in his pistol, and that there were five bullet holes in the side of the tent. The defendant testified, that after he was shot at, he fired into the tent because he had never been shot at before and was badly scared.

*Mathews & Browning*, for appellant.—1. Conceding that an impeached witness might be corroborated by proof of statements made by him corresponding with his testimony on the trial, still the impeached witness' testimony upon the trial can not be corroborated by his own testimony as to what he testified before the grand jury. And in this case it was error for the court to permit the witness Romans to testify to statements made by him before the grand jury. Code Crim. Proc., arts. 384, 407; Clanton v. The State, 13 Texas Cr. App., 139; Bailey v. The State, 9 Texas Cr. App., 98; Thompson v. The State, 19 Texas Cr. App., 593.

2. The court erred in requiring defendant, when under cross-examination on the witness stand, to answer whether or not he had been fined three times in the City Court, and whether or not the fines were still standing against him.

The defendant being under cross-examination as a witness, the district attorney asked him if he had not been fined three times in the City Court,

and if the fines were not still standing against him. To this defendant's counsel objected, on the ground that it was irrelevant and immaterial, and that the defendant's testimony could not be impeached in this manner. The objection was overruled, and the defendant required to answer the question, which he answered by stating that he had been fined three times in the City Court, and that the fines were still standing against him. Defendant excepted to the ruling of the court. Holsey v. The State, 24 Texas Cr. App., 35; Persons v. The State, 3 Texas Cr. App., 240; Lights v. The State, 21 Texas Cr. App., 308; Owens v. The State, 7 Texas Cr. App., 329; 1 Greenl. on Ev., secs. 454, 455; Whart. on Crim. Ev., sec. 472; The State v. Houx, 19 S. W. Rep., 37.

A witness may under some circumstances be asked and compelled to answer questions where the answer will tend to disgrace him; but he can not be required to answer such questions when they relate to a collateral matter and do not tend to prove some issue in the case. Testimony showing that the defendant had been fined in the City Court, and had not paid the fines, did not tend to prove any issues in this case, but they did to some extent tend to disgrace the defendant, who was entitled to the same treatment on the witness stand as any other witness. The question was asked and the answer admitted evidently upon the theory that the answer would affect the credibility of defendant as a witness. In the Lights case, above cited, it was held, that a witness might be asked whether he had been in jail, the penitentiary, or the State prison, " or any other place that would tend to impair his credibility." To show that a witness has been in the jail or penitentiary is to show a circumstance from which moral turpitude may be inferred, and from which a jury might conclude that the witness is unworthy of belief. But can the same inference be drawn or the same conclusion be reached from proof that the witness had been fined in the City Court, and had not paid the fines? His fine may have been the result of some violation of the health or quarantine regulations, of obstructing or encumbering a street or alley, of failing to pay some city tax or obtain a license, or of violating other city ordinances. Showing a conviction for some of these petty offenses certainly would not be showing a person to be unworthy of belief; and yet the mere fact of showing generally that the witness had been fined in the City Court would probably prejudice his case before the the jury.

3. The court did not charge the jury upon the law of aggravated assault, and the charge of the court was excepted to on that account. The charge of the court was confined to the law of assault with intent to murder and self-defense. Franklin v. The State, 30 Texas Cr. App., 628; Roach v. The State, 21 Texas Cr. App., 249; Thurston v. The State, 21 Texas Cr. App., 245; Arto v. The State, 19 Texas Cr. App., 126; Jones v. The State, 17 Texas Cr. App., 602; King v. The State, 13 Texas Cr. App., 277; Reed v. The State, 11 Texas Cr. App., 509.

4. There was testimony tending to show, that immediately before defendant shot at Mrs. Nelson, and before he had made any assault on her, he had been shot at by her, and that though he had passed out of the latter's sight, yet he was within a few feet of her when he fired, and was then under the immediate influence of terror, rendering him incapable of cool reflection, which terror was caused by his having been shot at by Mrs. Nelson. The court on this account should have charged the law of aggravated assault. West v. The State, 2 Texas Cr. App., 460; Mackey v. The State, 13 Texas Cr. App., 360; Howard v. The State, 23 Texas Cr. App., 265; Hobbs v. The State, 16 Texas Cr. App., 523.

*R. L. Henry*, Assistant Attorney-General, for the State.—1. It is perfectly competent to prove by cross-examination of defendant, where he takes the witness stand, that on former occasions and former trials he made different statements than the ones then made on the trial. Quintana v. The State, 29 Texas Cr. App., 401; Maxwell v. The State, 31 Texas Cr. Rep., 119.

2. It is competent to show that a witness has made the same and consistent statements on former occasions, when his testimony is assailed as being inconsistent. Bailey v. The State, 9 Texas Cr. App., 98.

3. The court should not have given a charge on aggravated assault, for there was not a particle of evidence tending to show manslaughter.

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction of assault with intent to murder. As corroborative of his testimony before the jury, the witness Romans was permitted to testify, that he had made similar statements to the grand jury in regard to the same matter. Defendant objected, because " the witness could not be corroborated by his own testimony as to what he testified before the grand jury." Romans was a competent witness, and could as legally detail his evidence given before the grand jury as any member of that body. If the grand jurors were authorized to testify to such facts, we are aware of no rule which would prohibit the witness from narrating the same facts. In so far as the objection stated is concerned, the court did not err in admitting the evidence. Bailey v. The State, 9 Texas Cr. App., 98; Williams v. The State, 24 Texas Cr. App., 637. This witness was further impeached by proof of statements made out of court, contradictory of his testimony on the trial. To corroborate him, the State proved by Greenwood, that the witness had made the same statement as testified on the night following the shooting of Mrs. Nelson by defendant. It was objected " that the testimony of this witness could not be corroborated in this way." The objection is not well taken. Bailey v. The State, 9 Texas Cr. App., 98; Williams v. The State, 24 Texas Cr. App., 637.

Defendant, testifying in his own behalf, on cross-examination, was

asked by the prosecution, "if he had not been fined three times in the City Court, and if the fines were not still standing against him," and over objection, was compelled to testify that he had been so fined, and that the fines were still unpaid. The objections urged were, that the testimony was immaterial, irrelevant, and that the defendant "could not be impeached in this manner." Where the witness is charged with or convicted of an offense carrying with it the idea of moral and legal turpitude, such fact may be shown as evidence tending to affect his credibility. Unless such charge or conviction shows or tends to show such turpitude, it should be excluded. The convictions spoken of in the bill of exceptions are not shown to be of this character, hence their admission was error. Carroll v. The State, just decided [ante, p. 431], and authorities there cited.

Without entering into a discussion of the defendant's testimony, we are of opinion that the issue of aggravated assault and battery was suggested by it, and should have been submitted to the jury under appropriate instructions. It is unnecessary to discuss the action of the court refusing the continuance. The remaining questions, we think, show no merit.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.