### FAYETTE SIMPSON V. THE STATE.

#### No. 2767. Decided June 1, 1904.

**1.—Evidence—Rape—Corroboration.**

There was no error in permitting the State to prove the statements prosecutrix made to the witness the morning after she stayed with her, to the effect that appellant had sexual intercouse with her, in order to corroborate her, the appellant having attacked her testimony by showing contradictory statements of prosecutrix.

**2.—Same—Age—School · Register Not Evidence.**

In a case of rape on a female under the age of 15 years, it was error to admit in evidence the school register of a teacher who had entered thereon the age of prosecutrix, while she was his pupil, upon information obtained from some of the prosecutrix's family.

**3.—Charge of the Court—Nonage the Issue.**

In a case of rape on a female under the age of 15 years, the court should definitely, fully and carefully instruct the jury on the question of the age of the prosecutrix, where the evidence is conflicting on this issue, and that they can not convict unless the evidence shows that she was under 15 years of age.

Appeal from the District Court of Halmilton. Tried below before Hon. W. R. Lindsey.

Appeal from a conviction of rape on a female under the age of 15 years; penalty, seven years in the penitentiary.

No statement necessary.

*J. M. Carter* and *Main & Chesley,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for rape on a girl under 15 years of age. The State's testimony discloses a sexual intercourse between appellant and prosecutrix, and that she was under 15 years of age. The testimony for appellant shows her beyond the age of 15 years. The State was permitted to prove by Amanda Ledwell that on the morning after prosecutrix stayed with her all night, she stated to the witness that appellant had sexual intercourse with her during the night. Various objections were urged to this testimony. The court

approves the bill with the qualification that when the question was
first asked the court sustained the objection, but subsequently defend-
ant proved by Esquire Herring that prosecutrix on Tuesday after the
alleged rape testified before him that defendant had connection with
her but one time, and proved by members of the grand jury of Erath
County, who indicted appellant for rape in that county on prosecutrix,
that she testified before that body that appellant had had connection with
her but once; for the purpose of corroboration he permitted the witness
Ledwell to testify as to the statement made by prosecutrix to her as to
the second act as set out in this bill. Under the decisions of this court
the act of intercourse that occurred in Erath County was not admissible,
but it seems that objection was not urged to this phase of the testimony.
Attacking the statement of prosecutrix that appellant had had intercourse
with her twice, the defense proved prosecutrix's statements before the
grand jury and to the justice of the peace. We are of the opinion there
was no error in permitting the evidence of the witness Ledwell, in
corroboration of the statement of prosecutrix, under the circumstances.
Defendant had attacked, by showing contradictory statements of prose-
cutrix, and it was therefore admissible for the State to corroborate her.

The State proved by witness Bowers, over appellant's objection, that
prosecutrix went to school to him at Clairette; that he placed her name
and age upon his school register; and testifying further concerning the
age of prosecutrix, as to how he obtanied his information, stated he
did not know; that his rule was to ask the pupil his or her age, and if
the information was not thus obtained he would seek it from the older
brothers or sisters of the pupil, if any of them were attending the
school. Failing in obtaining the information this way, he would some-
times ask the parents. He did not know in this particular instance
how he obtained the information, but he got it from some of the family.
Upon this predicate the State offered the following entry on the school
register, made by the witness: "Roberts, Mattie—age 6." Various
objections were urged to the introduction of this testimony. The evi-
dence should have been excluded. We are not aware of any rule of
law or evidence which would justify the introduction of this character
of testimony. The entry on the register was not a relevant fact to
prove the age; in fact it was but the conclusion of the witness,
which he entered upon the school register. The entry upon the reg-
ister gave it no more binding force or effect, nor was it any more
relevant than the mere statement of the witness as to his belief of
her age. It was a closely contested issue from the beginning of the
case to its close as to the age of the girl. This entry on the reg-
ister placed her age at 6, in December, 1895, and her age was one
of the crucial points at issue; and coming, clothed with seeming author-
ity, from a school teacher who made such entry, would have more than
an ordinary effect on the jury in deciding that question. However,
be this as it may, the testimony was inadmissible as presented. This

matter is left too uncertain. It was not evidence of the fact that this was the age of prosecutrix, because of the entry itself.

The charge of the court upon another trial should present a little more clearly, distinctly and definitely the issue as to the age. The testimony is strongly conflicting on this question, and the jury should be instructed fully and carefully to the effect that before they can convict the evidence must show the girl was under 15 years of age, and if there is a reasonable doubt upon this proposition appellant should be acquitted. There is no question as to the consent of prosecutrix and a full willingness on her part to engage in the acts of intercourse.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*