### TOM GRIFFITH V. THE STATE.

No. 3127.  Decided October 25, 1905.

**1.—Sunday Law—Continuance—Bill of Exceptions.**

Where the bill of exceptions to the ruling of the court on a motion for continuance was not signed by the trial judge the same cannot be considered on appeal.

**2.—Same—Complaint—Dealer—Opening on Sunday for Traffic.**

It is not necessary in charging a violation of the Sunday law to specify the particular business the defendant was engaged in, and the allegation that he was a dealer in wares and merchandise is sufficient, and the further allegation that he permitted his place of business to be opened for the purpose of traffic on Sunday can be sustained without proof of a specific sale, although this was proven.

Appeal from the County Court of Lamar. Tried below before Hon. John W. Love.

Appeal from a conviction of a violation of the Sunday Law; penalty, a fine of $20.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This conviction is for violating the Sunday law. Appellant made a motion to continue the case, which was overruled, and his exception is noted in the order overruling the motion. This is not a sufficient bill of exceptions to the overruling of the motion for continuance. The bill should have been prepared and signed by the judge. Therefore the motion for continuance cannot be considered. Hollis v. State, 9 Texas Crim. App., 643; Gaston v. State, 11 Texas Crim. App., 143. White's Ann. Code Crim. Proc., sec. 645.

Appellant contends that the judgment cannot be sustained because there is no sufficient complaint filed. We have examined the complaint contained in the record, and in our opinion it is sufficient. It is not necessary to specify the particular business appellant was engaged in. The allegation that he was a dealer in wares and merchandise is sufficient. The further allegation that he permitted his place of business to be opened for the purpose of traffic on Sunday was established by the evidence. Of course, in such case it is not necessary to prove a sale, but a sale was proven by witness Westbrook. Appellant while on the stand did not absolutely deny this, but merely stated, if it occurred he did not know it, or he did not remember it; that he

was pretty full that day. The proof further showed that when West-brook knocked on his door, it was opened to him, and he came in; and that several other persons were in the saloon at the time. The judgment is affirmed.

*Affirmed.*