### J. A. RICE v. THE STATE.

No. 3899. Decided February 13, 1907.

**1.—Arson—Convict—Sentence—Witness.**

Where upon trial for arson the State introduced a witness who had been convicted of felony more than three days before he testified, but no motion for new trial had been filed and no sentence had been passed by the court on said witness upon such conviction, the witness was not disqualified.

**2.—Statement of Third Parties—Corroboration.**

Where upon trial for arson the defendant had introduced witnesses to show that his codefendant exonerated him from blame or connection therewith, there was no error in permitting the State to show that said codefendant stated soon after the occurrence of the crime that he and defendant had committed it, just as he had stated on the trial in his testimony; said statements being contemporaneous.

**3.—Same—Accomplice—Corroboration—Contemporaneous Statements.**

An accomplice stands as far as credibility is concerned like any other witness save and except his testimony must be corroborated, and where the defense proved contradictory statements as having been made by an accomplice to the statements he made in testifying, it was legitimate for the State to prove contemporaneous statements made by the accomplice to other witnesses in line with his tesimony. It is not correct that an accomplice must first be believed by the jury before he can be corroborated.

**4.—Same—Sufficient Corroboration.**

Where upon trial for arson, the evidence strongly corroborated the testimony of an accomplice and suggested the participancy of defendant in the commission of the crime, the conviction was sustained.

Appeal from the District Court of Stephens. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of arson; penalty, six years imprisonment in the penitentiary.

The State's case shows that the place upon which the house alleged to have been burned stood, was sold by defendant to the main State's witness on a credit; that when the first note fell due the vendee could not pay it and the defendant wanted to trade back; that he told another State's witness he would give him $50 to make the trade for him; that said last witness called upon said prosecuting witness and proposed a trade to him; that said prosecuting witness refused to trade unless he could keep the place rented for a year; that defendant's agent returned to him and told him what prosecuting witness had said; that defendant said that he would like to have possession, but that if he could not get it that way to let him remain; that said agent returned to prosecutor and the trade was made, the prosecutor returning the unrecorded deed and the agent turning over his purchase money notes in return.

It was also shown by the State that defendant had stated that he was going to get shut of the prosecutor's folks, and that if he could not get shut of them one way he could another; that it was his house, etc. It was also shown by the State that on the night of the arson defendant and his codefendant had been at church with some of the State's witnesses; that on their way home the defendant asked where one of the witnesses' sons were, and whose dog it was that went along with them and was told that it was prosecutor's dog; that he also asked on that occasion whether the prosecutor was at home, and was told that he was not, or that he and his folks aimed to go off; that defendant and his codefendant left the party on the road and went off together to go home; that about an hour or such matter after witnesses reached home they saw the house burn; that it was only a short distance from where the parties separated to the witnesses' house. The State also proved some disagreement between defendant and prosecuting witness with reference to the place and house in question, and that defendant had been over to the place after the second trade, and there was some disagreement between them as to what crop should be planted thereon. That prosecuting witness was living in said house and had his goods therein, and that he noticed some coal oil on the outside wall of the house about a week before the burning. That prosecuting witness and family were away from the place when the house burned.

Defendant's codefendant testified that when he and defendant left State's witnesses enroute home, that they went to defendant's house about half a mile from the house which was burned; that they secured a bottle of oil and went to said prosecutor's house; that each in turn took the bottle of oil and poured oil on said house, and defendant then stepped back and drew his pistol and held it in his hand, and that the codefendant then struck a match and lit the oil and the house burned; that they then went back home and went to bed. This with the facts in the opinion is a sufficient statement of the case.

*W. P. Sebastian* and *D. G. Hunt,* for appellant.—On question of corroboration of accomplice testimony: Conway v. State, 33 Texas Crim. Rep., 330; Welden v. State, 10 Texas Crim. App., 400; Jernigan v. State, id., 549; Barber v. State, 70 S. W. Rep., 211; Roach v. State, 8 Texas Crim. App., 492.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of arson, and his punishment assessed at six years confinement in the penitentiary.

Appellant reserved a bill of exceptions to the action of the court in allowing the witness Agnew to testify because he had been convicted a few days previously of a felony. The court appends to the bill presenting this matter, the following explanation: "The witness, Tom

Agnew, was fully interrogated as to his intentions as to the case in which he was convicted. He said that he had not talked to his attorneys, did not know what they intended doing in the case, and did not know what he would do as to appealing his case. At the time the witness testified more than three full days had passed since he was found guilty of arson in this court, and no motion for a new trial had been filed, and no sentence had been passed by the court on the said witness Tom Agnew." Under the holdings of this court the witness is not disqualified until the sentence of the court has been pronounced upon him. See Kingsbury v. State, 37 Texas Crim. Rep., 265; Arcia v. State, 26 Texas Crim. App., 193, and Woods v. State, 26 Texas Crim. App., 490. The mere fact that three days had expired since the judgment of conviction, would not preclude a motion for rehearing being filed with permission of the court, and we hold that the witness having never been sentenced was still qualified to testify.

Bill of exceptions number 1 shows that the State was permitted to put J. J. Day upon the stand and over objection of appellant he testified to a conversation he had with the witness Tom Agnew, in which conversation said Agnew, in substance, stated that he and the appellant burned the house in question. Appellant objected to same on the ground that same was incompetent, illegal, irrelevant, and prejudicial and was used by the jury as a fact in arriving at a verdict against the defendant. The defendant has introduced several witnesses, to wit: Holloway, Fox and Edwards, who testified that about July 28, 1906, and later, the witness Tom Agnew had told them of the burning and exonerated appellant from blame or connection therewith, and this testimony was admitted to show that soon after the occurrence of the crime the witness Agnew gave in substance the same statement of the crime that he on trial gave in evidence.

Bill of exceptions number 2 presents practically the same objection to the testimony of Dave Stanford, who testified that prosecuting witness Agnew told him that Bud Rice assisted in the burning. The witness Edwards and Fox had testified that Agnew told them in substance that appellant had nothing to do with the burning, and knew nothing about it, and the court in his explanation states that this testimony of Stanford was introduced to show that the prior statements of Tom Agnew, made soon after the alleged burning, were in accord with his testimony given on this trial at this time. Where a witness testifies in a case, and the opposite side proves statements made by said witness out of court contradictory to his testimony on the trial, it is legitimate and proper for the court to permit the opposite side to prove that said witness made statements in line and in consonance with the testimony given by said witness, provided said statements are contemporaneous.

Appellant insists that the verdict of the jury is not supported by the evidence and contrary thereto. We take it that the evidence clearly corroborates the testimony of the accomplice; that the witness

Agnew is an accomplice is conceded, but the evidence strongly corroborates his testimony, and further suggests the participancy of appellant in the commission of the crime. Appellant's counsel, in his argument before this court, insisted that the testimony corroborating the testimony that was introduced by the State to show the prosecuting witness Agnew had made similar statements out of the court to that testified in court, was not admissible upon the further ground that it was immaterial. An accomplice stands, as far as credibility is concerned, like any other witness save and except his testimony must be corroborated, and where the defense, as it did in this instance, proves contradictory statements, as having been made by an accomplice, to the statements he makes in testifying, it is legitimate for the State to prove contemporaneous statements made by the accomplice to other witnesses in line with his testimony. This testimony, as the court properly stated, is admissible touching the credibility of the accomplice's testimony. It is true a conviction cannot be had upon the testimony of an accomplice unless his testimony is corroborated, but this does not render the further proposition correct that the accomplice must first be believed by the jury before you can corroborate him. It is a paradox to say that you can corroborate a false statement. Corroborate means to prove, to demonstrate the accuracy and verity of a given thing. Now, if the accomplice's testimony is not believed at all, then, in the nature of things, you can not corroborate him. The testimony, therefore, was admissible as above stated. Finding no error in the record, the judgment is affirmed.

*Affirmed.*