### RUFUS WESLEY v. THE STATE.

No. 791.    Decided November 16, 1910.

**1.—Theft of Hog—Continuance—Bill of Exceptions—Practice on Appeal.**

Where the record on appeal recited that the application for continuance had been overruled and that appellant has excepted thereto, but there was no bill of exceptions in the record, the matter could not be reviewed.

**2.—Same—Charge of Court—Principals.**

Where, upon trial of theft of hogs, the court did not charge on the subject of principals but the guilt of the defendant was made to depend on his own act and conduct as an active participant in the theft, independent of and without reference to the acts of the other parties involved in the transaction, there was no error in the court's failure to submit a charge with reference to these parties.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of hogs, the evidence supported the conviction there was no error.

Appeal from the District Court of Smith.   Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of theft of hog; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*B. B. Beaird,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The appellant was convicted in the District Court of Smith County, on March 10 of this year, on an indictment charging him with the theft of certain hogs, the property of Joe Holmes and Barney Holmes. The verdict assessed against him a punishment of three years confinement in the penitentiary.

1. We find in the record quite an elaborate application for a continuance, but the action of the court in respect thereto is not evidenced by bill of exceptions, which is indispensable to invoke a ruling by this court as to the correctness of the action of the court below in overruling the same. There is in the record an order taken from the minutes of the court below of date March 5, 1910, reciting that the application had been overruled and that appellant had excepted to this ruling of the court. This, under the settled ruling of this court, is insufficient.

2. The court gave a clear charge on the subject of theft generally, as well as an instruction on the subject of alibi and circumstantial evidence. The charge of the court is not complained of for anything contained in it. The only criticisms in the motion for new trial which in any way affect the charge of the court relate to the failure and refusal of the court to charge the jury that before they could use and consider the acts and conduct of William Wesley, Sam Wesley or Walter Wesley, as a circumstance against this defendant, they must find and believe beyond a reasonable doubt from the testimony in the case that defendant was acting with one or all of them in the perpetration of the theft; and further, that the court failed to charge the jury that the fact that the meat or hogs belonging to the witnesses, Barney and Joe Holmes, had been found at the home of and on the premises and in the possession of William Wesley, Sam Wesley or Walter Wesley, should not be used by the jury or considered by them as a circumstance tending to show appellant's guilt. In this connection it is to be noted that the court did not charge on the subject of principals, but the guilt of appellant was made to depend solely on his own act and conduct as an active participant in the theft, independent of and without reference to the acts of the other parties. Nor was there any charge given in respect to the possession of the property, nor do we believe that such a charge would have been proper to have been given. The testimony, which is quite voluminous, is not entirely satisfactory, nor are we sure we have entirely understood all of the circumstances relied on either for conviction or as constituting the offense, but a careful inspection of the record has failed to convince us that there was no testimony from which the jury might fairly conclude that appellant was present when the property was taken and was guilty of the theft charged. So believing, we can not sustain appellant's assignment that the verdict of the jury is wholly unsupported by the evidence.

Finding no error in the record it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*