### LEW LEWIS v. THE STATE.

No. 1500.  Decided January 10, 1912.

**1.—Theft from Person—Evidence—Impeaching Witness.**

Where, upon trial of theft from the person, defendant sought to impeach the State's witness, there was no error in permitting the State to support its witness by showing that he had made the same statement out of court that he had testified to on the trial. Following Goode v. State, 32 Texas Crim. Rep., 505.

**2.—Same—Circumstantial Evidence—Recent Possession—Explanation.**

Where, upon trial of theft from the person, the evidence was circumstantial, but defendant admitted possession of the alleged stolen goods, offering an explanation, and the court properly submitted all these issues, there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged by indictment with the offense of theft from the person, and was convicted and sentenced to two years in the penitentiary.

The only bill of exceptions in the record relates to the State being permitted to prove by the witness Richards that he had told Mr. Sisk that it was twenty or thirty minutes after leaving Dickinson when he went to sleep, and that he had the watch that was stolen from him at the time he went to sleep. The defendant had laid predicates to impeach the witness by Will Toliber, and introduced Toliber to prove that the witness Richards had said in his (Toliber's) presence that he did not know whether or not he had his watch when he left Galveston, and did not know whether he went to sleep before

he left the island or not. Having thus sought to impeach the witness, the State would be permitted to support its witness by showing that he had made the same statement he had testified to on this trial, to Mr. Sisk or any other person prior to that time and shortly after the transaction. Goode v. The State, 32 Texas Crim. Rep., 505, and authorities cited under sec. 874 of Branch's Texas Criminal Law. This is a case of circumstantial evidence, and the court charged fully upon that theory of the case. Appellant admitted having the watch in his possession and delivering it to Mr. Parker. His explanation was that it had been given him by a colored woman in Galveston. The court submits this issue to the jury, telling them that "if you believe from the evidence that the watch described in the indictment was given to defendant by a woman in Galveston you will acquit the defendant, and if upon this state of facts you have a reasonable doubt, you will acquit the defendant." The evidence amply supports the verdict.

Judgment affirmed.

*Affirmed.*