### DeWitt Wormley v. The State.

#### No. 1540. Decided January 24, 1912.

**1.—Assault to Murder—Continuance.**

Where no bill of exceptions was reserved to the overruling of a motion for continuance, the same can not be considered on appeal.

**2.—Same—Witness—Pardon.**

Where. the alleged injured party had been pardoned for a conviction of theft and his citizenship restored, he was a competent witness.

**3.—Same—Continuance—Impeachment—Newly Discovered Evidence.**

Where the alleged newly discovered evidence would not authorize a new trial because the same was of an impeaching character, there was no error.

**4.—Same—Sufficiency of the Evidence—Charge of Court—Aggravated Assault.**

Where the State's evidence supported a conviction of assault with intent to murder, and the defense evidence presented the issue of self-defense, there was no error in the court's failure to charge on aggravated assault.

**5.—Same—Assignments of Error—Practice on Appeal.**

Where the assignments of error are not included in the motion for new trial, but are filed thereafter, the same can not be considered on appeal.

Appeal from the District Court of Burleson. Tried below before the Hon. Ed. R. Sinks.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of an assault to murder, and his punishment assessed at three years confinement in the State penitentiary.

We can not consider the ground alleging that the court erred in overruling the application for a continuance. There is no such motion in the record, and no bill of exceptions was reserved to the action of the court in overruling same, if any such motion was presented. Wesley v. State, 60 Texas Crim. Rep., 299.

The newly discovered evidence alleged is insufficient to authorize a reversal of the case. The fact that the alleged injured party had

once been sent to the penitentiary for theft, but had been pardoned and his citizenship restored, would not affect the admissibility of his evidence. It might affect his credit as a witness, but it has been expressly held by this court in Barber v. State, 35 Texas Crim. Rep., 70, that newly discovered evidence will not authorize a new trial if the purpose of such evidence be merely to impeach or discredit a witness who has testified on the trial. See also Butts v. State, 35 Texas Crim. Rep., 364; Scruggs v. State, 35 Texas Crim. Rep., 622; Franklin v. State, 34 Texas Crim. Rep., 203; Grate v. State, 23 Texas Crim. App., 458.

The court did not err in not presenting the issue of aggravated assault. The defendant's testimony, if believed, presented self-defense, and this was fully presented in the charge of the court, and there is no complaint in the motion for a new trial that the court did not fairly submit that issue. The State's case would make a case of assault to murder. The evidence shows that appellant and Jim Peterson had trouble in the morning in the field while plowing. That he run from Peterson, and then went to a residence, secured a Winchester rifle, and that afternoon returned to the field and demanded a settlement. Failing to get it, he shot Peterson while he was running from him. As before stated, the evidence from the State's standpoint fully supports the verdict, while the evidence of the defendant would justify him in his action, but does not present a state of facts that if death had resulted would reduce the offense to manslaughter, if he was guilty of any offense.

These are all the grounds stated in the motion for a new trial, and we are not permitted under the decisions of this court to consider grounds stated in the assignments of error, filed later on, not included in the motion for a new trial. Harvey v. State, 57 Texas Crim. Rep., 7.

The judgment is affirmed.

*Affirmed.*