## JOHN NORTHCUTT V. THE STATE.

### No. 2501.   Decided June 4, 1913.

### Rehearing denied June 27, 1913.

**1.—Rape—Continuance—Evidence—Contradicting Witness.**

In the absence of a bill of exceptions the overruling of a motion for continuance can not be considered. Where defendant sought to impeach prosecutrix by proving contradictory statements, there was no error in admitting supporting testimony on the part of the prosecutrix. Following Goode v. State, 32 Texas Crim. Rep., 505, and other cases.

**2.—Same—Evidence—Husband and Wife.**

Where defendant, upon trial of rape of a female under age of consent, sought to prove the age of prosecutrix by his wife, there was no error, on cross-examination, to permit the State to show that defendant's wife had sworn three days before defendant was indicted that prosecutrix was only fourteen years of age. Following Dobbs v. State, 54 Texas Crim. Rep., 550, and other cases.

**3.—Same—Affirmative Issue—Charge of Court—Presumption of Innocence.**

A denial of guilt presents no affirmative issue, and where, upon trial of rape, the court submitted a proper charge on the presumption of innocence and reasonable doubt, there was no error.

**4.—Same—Age of Prosecutrix—Charge of Court.**

Where, upon trial of rape, the court submitted defendant's requested charge on the question of the age of the prosecutrix, which was the only issue in the case, there was no error.

**5.—Same—Transcript—Delay—Statutes Construed.**

Where, upon appeal from a felony, the transcript was not filed within time, but delayed for eleven months, but it appeared that the clerk was not guilty of contempt, he will not be punished; clerks of courts are admonished, however, that in the future they will be fined for contempt if the filing of the transcript in this court is unnecessarily delayed.

**6.—Same—Rule Stated—Statute Construed.**

Under article 932, Code Criminal Procedure, the clerk of the court below immediately after the adjournment of the court, in all cases that are appealed, shall make out a certificate under the seal of his office exhibiting the lists of all such cases and transmit same to the clerk of this court, and clerks will be required to comply with the statute or held in contempt.

**7.—Same—Transcript—Statutes Construed—Ninety Days.**

Under articles 929, 930, Code Criminal Procedure, the clerks of the courts from which appeals are taken, as soon as practicable, must prepare transcripts to this court in preference to civil cases, etc., which must be filed within ninety

days from the date of perfecting the appeal. See also article 934, Code Criminal Procedure. Clerks are warned that if they do not comply with the provisions of the statute, they will be held in contempt.

### 8.—Same—Attorneys—Misconduct—Neglect—Transcripts.

Attorneys of defendants are cautioned, that if the clerks show that they are prevented from a compliance with the statute in making out their transcripts by the wilful neglect or conduct of the attorneys that they will be held in contempt.

### 9.—Same—Admonition of Court—Delay in Criminal Cases.

The delay in criminal cases can be remedied without writing another line of law into the Codes, and officers and attorneys are admonished to comply with the statutes which will hereafter be rigidly enforced.

Appeal from the District Court of Rains. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of rape; penalty, fourteen years imprisonment in the penitentiary.

The opinion states the case.

*Dinsmore, McMahan & Dinsmore,* for appellant.—On question of cross-examination of wife: Miller v. State, 40 S. W. Rep., 313; Washington v. State, 17 Texas Crim. App., 197; Brock v. State, 71 S. W. Rep., 20.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of rape on his sister-in-law, a girl alleged to be under fifteen years of age, and his punishment assessed at fourteen years in the penitentiary.

The first ground in the motion for new trial complains of the action of the court in overruling his application for a continuance. As no bill of exceptions was reserved to the action of the court in so doing, at least none is copied in the record before us, the matter is not presented in a way we would be authorized to review the action of the court in so doing. Bowman v. State, 40 Texas, 9; Nelson v. State, 1 Texas Crim. App., 41; Hollis v. State, 9 Texas Crim. App., 643; Gaston v. State, 11 Texas Crim. App., 143; Prator v. State, 15 Texas Crim. App., 363; Lerman v. State, 40 S. W. Rep., 286; Cone v. State, 13 Texas Crim. App., 483; Hays v. State, 20 S. W. Rep., 548; Green v. State, 49 Texas Crim. Rep., 645; Griffith v. State, 48 Texas Crim. Rep., 575; Lucas v. State, 19 Texas Crim. App., 79; Scott v. State, 23 Texas Crim. App., 521; Williams v. State, 24 Texas Crim. App., 32; Spear v. State, 16 Texas Crim. App., 98; Wesley v. State, 60 Texas Crim. Rep., 299.

In bill of exceptions No. 1 it is complained that Dr. E. J. Owens was permitted to testify that the prosecuting witness, Bessie Pettitte, at the time he was called, had told him that appellant was the cause of her condition. As appellant had sought to impeach her by proving contradic-

tory statements, then the State could support the witness by proving that she had made the statement as to that testified to on the trial. Goode v. State, 32 Texas Crim. Rep., 505; Sentell v. State, 34 Texas Crim. Rep., 260; Simpson v. State, 46 Texas Crim. Rep., 551; Rice v. State, 50 Texas Crim. Rep., 648; Pitts v. State, 60 Texas Crim. Rep., 524, 132 S. W. Rep., 801, and numerous cases cited in section 874, Branch's Criminal Law.

The only other bill of exceptions complains of the action of the court in permitting the district attorney, on cross-examination of appellant's wife, to prove by her that she had given the name of her sister (the prosecutrix) to the census trustee of the public school and had sworn three days before appellant was indicted that her sister was only fourteen years of age, the contention being that appellant had asked nothing about her being enrolled in the public schools. Appellant introduced his wife as a witness, and she testified that the prosecutrix (her sister) was more than fifteen years of age at the time of the commission of the alleged offense. As defendant had sought to prove the age of the prosecutrix by his wife, then she could be cross-examined on that issue, and the court did not err in the premises. Dobbs v. State, 54 Texas Crim. Rep., 550; Exon v. State, 33 Texas Crim. Rep., 461; Creamer v. State, 34 Texas, 173; Buchanan v. State, 41 Texas Crim. Rep., 127; Merritt v. State, 40 Texas Crim. Rep., 359; secs. 852-3, Branch's Crim. Law.

These are all the bills of exception in the record, and all the special charges requested by defendant were given except one, which was fully covered by the court in his main charge. A denial of guilt presents no affirmative issue. The court instructed the jury as to the presumption of innocence, in the following language: "In all criminal cases the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and the burden of proving guilt is upon the prosecution and such burden never shifts from the State to the defendant, but rests on the prosecution throughout the trial, and in case you have a reasonable doubt as to defendant's guilt you will acquit him." This sufficiently presented the denial of guilt.

As to the contention made on the trial that the prosecutrix was fifteen years of age, the court, at the request of appellant, instructed the jury: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, John Northcutt, had sexual intercourse with Bessie Pettitte, as charged in the indictment, yet, if you believe from the evidence that at the time of such sexual intercourse, if any, Bessie Pettitte was fifteen years old, or if you have a reasonable doubt as to whether she was at the time of such sexual intercourse, if any, less than fifteen years old, or if you have a reasonable doubt as to the defendant's guilt, the defendant is entitled to an acquittal and you will return a verdict of not guilty." This affirmatively presented the only defensive issue presented by the testimony offered in behalf of appellant.

This case was tried in the District Court of Rains County in Decem-

ber, 1911, and the record was not filed in this court until April 28, 1913,
and after this court had taken affirmative steps to require it to be filed.
We were first made aware in April of this year that this case had been
tried in December, 1911, when we cited the district clerk and ex-district
clerk of Rains County to show cause why they had not complied with
the law, and filed a transcript in this court within the time provided by
law. A transcript was then filed, and they filed an answer, and testi-
mony was heard last Wednesday. From this answer and the testimony
it appears that when the motion for new trial was overruled, appellant's
counsel, by leave of the clerk, took the court papers to prepare his bills
of exception and the record on appeal; that the trial judge extended the
time to file bills of exception and statement of facts until March 1,
1912. That on February 25th, appellant filed his bills of exception and
statement of facts, and after they were filed appellant's counsel requested
all the papers in the case that he might make an order for the transcript,
and was permitted to take them. These papers were not returned to
the clerk until in November, 1912, although repeated requests and de-
mands had been made for them by the clerk. Appellant's counsel admits
these demands were made, but states the papers had been mislaid, and
further states he did not find them until in November, about eleven
·months after the trial. When he did return them, he requested the
clerk that as soon as the transcript was completed, to permit him to take
the papers to prepare a brief; this the clerk permitted, and again it is
stated that the clerk repeatedly demanded the return of the transcript
and the papers, but was unable to secure them until in .April of this
year, when they were forwarded to this court. Appellant's counsel states
he had been very busy. Appellant's counsel is not before the court, as
he was not cited to appear and show cause why the transcript had not
been filed, it being the duty òf the clerk to file the papers in this court.

The only question presented is, whether or not the clerk shall be pun-
ished for not filing the transcript in this court as provided by law. As
the evidence and admissions of appellant's counsel show that, while the
clerk, perhaps, should not have allowed the papers out of his possession,
after doing so he used every effort to regain possession of them, he·going
to the extent of applying to the court and district attorney for assistance
in the premises, and further that appellant's counsel prevented the earlier
filing of the transcript, first, by misplacing the papers, and, secondly,
by mistake, as he alleges, we do not feel that the clerks ought to be
punished, but we will take occasion to state certain rules that will
govern in cases hereafter tried in the District and County Courts. Ar-
ticle 932 of the Code of Criminal Procedure reads: "The clerk shall,
immediately after the adjournment of the court at which appeals in
criminal actions may have been taken, make out a certificate under his
seal of office, exhibiting a list of all such cases which may have been
decided and in which the defendant has appealed. This certificate shall
show the style of the cause upon the docket, the offense of which the
defendant stands accused, the day on which judgment was rendered,

and the day on which the appeal was taken, which certified list he shall transmit, postpaid, to the clerk of the Court of Criminal Appeals."

A large number of district and county clerks have been ignoring this provision of our statute, and by so doing prevent this court from having any knowledge of whether transcripts are being prepared and forwarded to this court in accordance with the provisions of the Code. Hereafter a strict compliance with the above provisions of the Code will be required, and clerks who fail to comply therewith and forward this data will be held to be in contempt of this court, and they will be punished accordingly.

Again, in regard to the transcripts, article 929 provides: "It is the duty of the clerk of a court from which an appeal is taken to prepare as soon as practicable a transcript in every case in which an appeal has been taken, which transcript shall contain all the proceedings had in the case, and shall conform to the rule governing transcripts in civil cases."

Article 930 reads: "The clerk shall prepare transcripts in felony cases that have been appealed in preference to cases of misdemeanor, and shall *prepare transcripts in all criminal cases appealed in preference to civil cases.*"

These provisions of the Code need no construction; their mandate is plain. In civil cases the transcript must be filed within ninety days from the time of perfecting the appeal, and if this is not done the appeal will be dismissed. The Code in stating that transcripts *in criminal cases shall be prepared in preference to civil cases,* contemplates that the transcript must be filed in this court within less than ninety days from the date of perfecting the appeal, and this is made emphatic by the language used in article 934 of the Code, which provides: "When it appears, by the certificate provided for in the preceding article (art. 932), that an appeal has been taken in any case in which a transcript has not been received by the clerk of the Court of Criminal Appeals within the time provided by law for filing transcripts in civil actions (ninety days), the clerk of the Court of Criminal Appeals shall immediately notify the clerk of the proper court by mail that such transcript has not been received. (Art. 935.) The clerk receiving the notification shall without delay, *prepare and forward another transcript in the case,* as in the first instance.".

Clerks of the various courts are notified that in the event a transcript, in the first instance, is not received by the clerk of this court within not exceeding ninety days from the date of perfecting the appeal in cases hereafter tried, at the time they are notified same has not been received, and they are required to make out another transcript, they will also be cited to appear before this court and show cause why they have not complied with these provisions of the Code, and if good cause is not shown, they will be held to be in contempt of this court and punished accordingly.

And defendants and attorneys for them are cautioned also that if the

clerks shall show they are prevented from a compliance with the above law by the negligence of the defendant's attorney or by his or their willful misconduct, the attorney will be held to be in contempt of this court and punished for such contempt. A system of negligence has grown up in the practice of criminal law, that is constantly growing worse, and can no longer be tolerated. If an attorney can perfect his record and prepare his brief in a civil case within ninety days, there is no reason why he can not do so in a criminal case, and as the law provides he shall do so, we will in future enforce that law. It has grown to be the custom in many cases to delay filing transcripts in criminal cases from one to two years from the date of perfecting the appeal, and the courts have been censured for this delay, and perhaps justly so, for they have permitted the delay by not enforcing the law as written. It is true, that generally the trial courts have been and are prompt in the trial of cases, and that this court has, in the main, been prompt in disposing of the case after the transcript has been filed, but unnecessary delay has been occasioned in some instances by the indulgence of the trial courts, and in some instances with this court's cognizance, but it has been occasioned mainly by the clerks of the courts wholly ignoring the plain provisions of the Code of Criminal Procedure. If each and every official will but do his duty in the premises, the occasion for complaint as to delay in criminal cases can be remedied without writing another line of law into the Codes, and we are emphasizing this fact, and calling the officers' attention to the Code that none may plead ignorance, for the law will hereafter be enforced.

We have passed on the merits of this case in this instance, although the attorney admits that the papers were misplaced in his office, and when he knew that fact he made no effort to substitute them, as he should have done within the time provided by law, and which he would have been compelled to do if a civil case, if he desired to have his appeal considered, yet we do not feel inclined to visit the negligence of the attorney upon the client, but we will hold the attorneys to strict accountability for their negligence or willful misconduct in future.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 27, 1913.—Reporter.]