## RAYMOND SANDERS V. THE STATE.

### No. 10118.    Delivered June 9, 1926.

**1.—Transporting Intoxicating Liquor—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains that the jury panel tendered him in this case, at the same term of court had tried him under a charge of transporting intoxicating liquor in one count, and the possession of intoxicating liquor for the purpose of sale in another count and had acquitted him. The bill presenting the matter wholly fails to show that the facts stated in his bill were true, and no error is presented.

**2.—Same—Continued.**

Again, it is true, that the court in qualifying this bill states that the other offenses for which appellant was tried and acquitted, were entirely separate and different transactions, which occurred at a different time, and place, under different circumstances from the instant case. See Murff v. State, 281 S. W. 1076, and other cases cited.

**3.—Same—Continuance—Properly Refused.**

Where appellant was indicted on the 10th day of March and did not apply for process for witnesses until the 26th day of October following, and no reasonable excuse was shown for not issuing process earlier, there-was no legal diligence shown, and the court properly overruled his application for a continuance.    Following Stultz v. State, 24 S. W. 649.

**4.—Same—Evidence—Supporting Impeached Witness—Properly Admitted.**

Where appellant, in order to impeach a witness introduced by the state, had shown that he had made a different statement to that given in evidence by him upon the trial, there was no error in permitting the state to sustain such witness by introducing a written statement formerly made by him, corroborating his testimony given upon the trial.    See Bell v. State, 20 S. W. 362; McHugh v. State, 170 S. W. 290, and Rice v. State, 100 S. W. 771.

**5.—Same—Validity of Search Warrant—No Error Shown.**

Where appellant complains of the validity of the search warrant under which the search was made, and his bill fails to show the contents thereof, or anything that would enable this court to determine its sufficiency, we will assume that the trial court correctly ruled on the matter.

Appeal from the District Court of Hunt County.    Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty eighteen months in the penitentiary.

The opinion states the case.

*Jas. W. Bassett,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is transporting intoxicating liquor, and the punishment is eighteen months in the penitentiary.

By his bill of exceptions No. 1, appellant alleges that at the same term of court and before a jury of twelve men chosen from the same panel as the jury who tried this case, he had been placed on trial and acquitted on a charge of transporting intoxicating liquor in one count and possession of intoxicating liquor for the purpose of sale in another count. Under these conditions the bill shows that he objected to trying said cause before said panel. The bill wholly fails to make any recitation of fact and there is no certificate of the trial judge that the ground of objection which he states in the bill of exception is true. Under this condition of the record the bill shows no error. Again it is true that the court in qualifying this bill states that the other offenses for which appellant was tried and acquitted were entirely separate and different transactions which occurred at a different time and under different circumstances from the instant case. Murff v. State, 281 S. W. 1076; Punchard v. State, 240 S. W. 939; Quinney v. State, 216 S. W. 882; Gonzales v. State, 226 S. W. 405, 88 Tex. Crim. Rep. 248; Robbins v. State, 272 S. W. 176.

Complaint is made at the court's action in overruling appellant's application for a continuance on account of the absence of the witnesses Gilmer and Anderson. The record discloses that the indictment in this case was returned and filed on the 10th day of March and the application for a continuance shows that no subpoena was applied for for said witness until the 26th day of October, 1925, and there is no suggestion in the record as to any reasonable excuse why this length of time was allowed to elapse between the return of the indictment and the filing of the application for subpoenas. With the record in this condition, the court did not err in refusing the appellant's application for a continuance. Stultz v. State, 24 S. W. 649.

By another bill appellant complains because the court permitted the state to introduce in evidence a written statement made by J. L. Madding prior to the time of this trial. The court qualifies this bill by stating that before the introduction of the written statement complained of herein, defendant's counsel tried to prove by the witness Madding that he (Madding) had theretofore made a different statement to him, counsel for defendant, to the one to which he had just testified and failing therein, he, defendant's counsel himself was sworn and testified to statements by Madding made to him in his office contradicting those he had just made as a witness and the statement was admitted for the

purpose of corroborating the witness Madding in his sworn testimony on the trial of the case.

The witness' statement offered in evidence was in substance to the same effect as the testimony given by the witness Madding on the instant trial. This testimony was admissible. Bell v. State, 20 S. W. 362; McHugh v. State, 170 S. W. 290; Rice v. State, 100 S. W. 771.

Some question is sought to be raised with reference to the validity of the search warrant under which the search in the instant case was made. The bills fail to show the contents thereof or anything that would enable us to determine the question of its sufficiency. In the absence of a showing to the contrary, we will assume that the court correctly ruled on the matter.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.