OSBORNE KENNEDY v. THE STATE.

No. 14129.   Delivered April 22, 1931.
Rehearing Denied January 27, 1932.

The opinion states the case.

*Ira Lawley,* of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for assault to murder; punishment, three years in the penitentiary.

Attention is called to the fact that notwithstanding the appeal in this case was perfected by the giving of the required notice of appeal on February 13, 1930, the record upon appeal was not received by the clerk of this court until December 13, 1930, or more than ten months after the appeal was perfected. Our statute requires that such records be filed within ninety days from the time such appeal was perfected. See article 1839, Rev. Civ. Stat., and article 841, et seq., C. C. P.

An affidavit has been filed with the record in this case by the clerk of the trial court from which we derive information that the delay in such filing was not the result of negligence or fault of said clerk. Such being the case, this appeal will be dismissed, of which action the clerk of this court will at once give notice by registered mail both to appellant and to his attorney, and fifteen days from the date of this dismissal will be allowed in which said parties may show that the delay in such filing was not due to their acts or the acts of either of them,—upon which showing being satisfactorily made, this appeal will be reinstated. This court in Northcutt v. State, 70 Texas Crim. Rep., 577, 158 S. W., 1004, called attention to a similar situation, and stated a rule which this court will be inclined to enforce.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

HAWKINS, Judge.—On the 22nd day of April, 1931, the appeal was dismissed for the reasons appearing in such order. Within the fifteen days allowed appellant filed his motion to reinstate said appeal, supporting same by his own affidavit and that of his attorney. The facts averred in those affidavits were much at variance with those set out in the affidavit of the clerk of the trial court, and this court issued an order, directing that it be served on appellant and his attorney and the clerk of the trial court, directing them to file by October 7, 1931, additional

affidavits for the information of this court regarding the matter. The clerk of the trial court has complied with such order and has filed in this court her own additional affidavit and also those of the deputy district clerk and the trial judge. Although service of the order of this court is shown to have been made upon both appellant and his attorney, no further or additional affidavits have been filed in this court supporting appellant's contention regarding the delayed filing of the transcript in this court. The additional affidavits which were filed by the state support the district clerk's original affidavit, and confirms the view entertained when the appeal was dismissed.

The motion to reinstate will therefore be overruled.

*Overruled.*