## TOM PUNCHARD v. THE STATE.

No. 6840.   Decided May .3, 1922.

**1.—Robbery—Bill of Exceptions—Evidence—Practice on Appeal.**

So much of the surroundings antecedent or accompanying the facts must appear in the bill of exceptions as will enable this court to determine if the complaint urged be well founded. Where there is nothing of this sort in the bill, it cannot be considered on appeal.

**2.—Evidence—Practice on Appeal—Bill of Exceptions.**

Where appellant's bill of exceptions alleges that while he was on the stand as a witness, he was asked certain questions by a certain juror as to where appellant was when he got the money, etc., but the bill of exceptions does not show the proper surroundings and setting, of the proposed procedings, to show error, there was no reversible error.

**3.—Same—Charge of Court—Requested Charge by State—Ownership.**

Where the court submitted the following requested instructions on behalf of the State, "Gentlemen of the Jury: At the request of the State you are further charged, that where two persons engage in a game of cards, betting money thereon, and one of the parties wins the other's money, and the party losing delivers the money so lost, voluntarily to the winner, then, within the meaning of the law, the winner is the owner of the money so passed into his possession," the same was proper under the facts of the instant case, and the evidence being sufficient to support the conviction, there was no reversible error.

Appeal from the District Court of San Patricio. Tried below before the Honorable M. A. Childers.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

M. C. Nelson, and Dougherty & Dougherty, for appellant.—Cited Hackett v. State, 13 Texas Crim. App., 414..

R. G. Storey, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of San Patricio County of the offense of robbery, and his punishment fixed at five years in the penitentiary.

From the State's testimony it is made to appear that appellant together with prosecuting witness Castillo and others had engaged in gaming, and that appellant had lost money. After the game was over appellant presented a pistol at Castillo and said that he was not going to lose his money, that he was going to have it back, to leave that one hundred dollars over there; and the prosecuting witness testified that because he was afraid of appellant and because of the pistol in appellant's hand he counted out the one hundred dollars. He said that appellant directed another negro called Smoky to pick it up and bring it to him, and that appellant got the money.

Complaint is made that the State witness Castillo testified that appellant forcibly took from Fernando Castillo, a relative of the prosecuting witness, a five-dollar gold piece, same being introduced over the objection of appellant that such evidence was immaterial, irrelevant and pertained to an extraneous offense, and did not explain or shed light on the instant charge. The statement of the grounds of objection in a bill of exceptions is not enough. So much of the surroundings, antecedent or accompanying facts, must appear in the bill as will enable this court to determine if the complaint urged be well founded. There is nothing in the bill of exceptions presenting this matter whereby we may know that those things complained of were not res gestæ and were not a necessary part of the development of the State's case. Such a bill of exceptions brings nothing before us upon which we can act.

From appellant's third bill of exceptions we are informed that while he was on the stand as a witness he was asked certain questions by the juror Brown, being in substance an inquiry as to where appellant was when he got the money, and upon his reply that he was near the door upstairs and that Smoky brought it to him, appellant was further asked by said juror as to how came Smoky to have it, and replied that he got it off the trunk; and to the further question from said juror as to who put it on the trunk, appellant answered that it was already on the trunk. Said bill of exceptions then shows that appellant's attorney said to him, "Now Tom, I want you to repeat to the jury just how you made Teodoro give you your money back." The State objected upon the ground that this was but a

repetition, that the jury had already heard it. Appellant's attorney then claimed that the character of question propounded by the juror indicated that he had a wrong conception of the whole transaction, and that possibly others of the jury were under the same wrong impression, and that he wanted appellant to repeat that part of his evidence to get it clear in the minds of the jury. Thereupon, as further shown by the bill, the court asked the jury if any of them had further questions to ask appellant; none of them indicated any such desire, and the court sustained the objection interposed by the State. Here the matter was allowed to rest, as far as we are informed by the bill of exceptions. No showing of any kind is made or attempted, of the fact that any of the jurors did not fully understand the testimony of appellant. We are not informed by the bill upon what appellant's attorney predicated his statement that the questions of juror Brown showed that he had a misconception of the transaction. It plainly appears from the statements of appellant's attorney as set forth in said bill, that he only wanted appellant to repeat his testimony already given. As we have stated, none of the jurors then or thereafter asserted any lack of understanding of appellant's testimony as already given, and there is nothing in the bill of exceptions showing error. The mere fact that the attorney may have concluded that some of the jurors did not understand the appellant's testimony, would not justify this court in holding erroneous the action of the trial court in refusing to allow a repetition of said testimony, unless it was shown in some other way that the jury desired to have same repeated, or that in fact there was a misunderstanding or misconception of such evidence. The record is bare of any fact supporting the proposition that such was the attitude of any member of the jury.

The record presents no exceptions taken to the main charge of the court either for anything that was said or for any omission to give any other matter. In this condition of the record we cannot consider many of the matters ably argued in the brief of appellant based on what are claimed to be failures and omissions of the court to give other instructions.

The State asked and the court gave the following special charge:

"Gentlemen of the Jury: At the request of the State you are further charged, that where two persons engage in a game of cards, betting money thereon, and one of the parties wins the other's money, and the party losing delivers the money so lost voluntarily to the winner, then, within the meaning of the law, the winner is the owner of the money so passing into his possession."

This appears to present a correct proposition of law. See Sec. 2401, Branch's Ann. P. C. It seems to have been applicable upon the question as to whether the property taken from Castillo was his in contemplation of law. Appellant excepted to the giving of this special charge in the following terms:

"Comes now the defendant, Tom Punchard, and objects and excepts to the special charge herein requested by the State and given by the court, for the following reasons, viz:

"That said special charge does not properly apply to the facts proven in this case, for the reason that the jury will in all probability infer therefrom that even though there may have been a distinct agreement between the defendant and Teodoro Castillo that the money which defendant put into the game being played by said parties was to remain the property of defendant, and that it should and would be returned to defendant when said game was ended, yet if defendant allowed said Castillo to take said money during the progress of the game without protest upon his part, that the said Castillo thereby became the owner of said money, and that defendant did not have the right to retake the same, which such inference upon the part of the jury would be contrary to the law of this State, and the evidence of this case."

We are unable to find anything in the special charge which could be made the basis of the inference set up in this exception. The State distinctly claimed that Castillo won the money from appellant, who paid his losses as the game progressed, and at its end apparently attempted by force to recoup by means of the presentation of a pistol and the forcible taking from Castillo of the money theretofore delivered to him.

Appellant claimed that under an agreement with Castillo to divide the winnings with him, he went into a game with Castillo and a negro named Rice; that it was a frame-up between him and Castillo to get Rice's money. He testified that after the game Castillo claimed that he, appellant, had lost his money, but that when he told Castillo he was going to have his money back, Castillo counted out to him one hundred and five dollars, which he put in his pocket and which he claimed to be all the money gotten by him from Castillo. Appellant denied the presence or use of a pistol in the obtaining of this money, and stated that his pistol at that time was downstairs, the gambling and alleged robbery having taken place in a room over appellant's restaurant. He further asserted that he only got back his own money, which he had let Castillo win in order to induce Rice to gamble and lose his money. The trial court gave at the instance of appellant the following special charge:

"Gentlemen of the Jury: At the request of the defendant, you are charged in connection with the main charge herein, as part of the law of this case, that it is not robbery for one to forcibly compel another to give up to him money which belongs to the former, or which the former believes to belong to him. To constitute robbery the taker must have a fraudulent intent, and he must take another's property and not his own.

"Now you are instructed that if you believe from the evidence that the money taken by the defendant from the said Teodoro Castillo

was the property of defendant, or viewing the matter from the stand-point of defendant at the time the money was so taken, the defend-ant, in good faith, believed said money to be his, or if you have a reasonable doubt as to whether or not said money belonged to de-fendant, or whether or not the defendant, in good faith, believed said money to be his, you will find the defendant not guilty, and so say by your verdict.''

We think this adequately presented appellant's theory of the case, and that in the absence of any other exception to the court's charge, or the request of any other special charge further presenting his theory of the case, he is in no position to complain.

There are no other bills of exception or complaints appearing in the record, and believing that appellant has had a fair trial, an af-firmance is ordered.

*Affirmed.*