### PAT LOYD V. THE STATE.

No. 10020.    Delivered May 26, 1926.

Rehearing denied October 20, 1926.

**1.—Sale of Intoxicating Liquor—Continuance—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, appellant announced ready for trial, and after the main prosecuting witness had testified, sought to withdraw his announcement and requested a continuance on account of an absent witness, no diligence to secure the attendance of said witness being shown, and no valid reason presented for his failure to use diligence, his motion for continuance was properly overruled.

**2.—Same—New Trial—Properly Refused.**

Where appellant requests a new trial, on the grounds of newly discovered testimony, and it appears that he had also asked for a continuance

on account of the absence of this same witness by whom the newly discovered evidence was to be disclosed, the new trial on this ground was properly refused.

### 3.—Same—Charge of Court—Objections To—When Made.

Appellant, in his motion for a new trial, for the first time complains of certain paragraphs of the court's charge to the jury. His objection came too late. Art. 666, C. C. P. 1925, provides: "All objections to the charge and to the refusal, or modification, of special charges shall be made at the time of the trial," and objections and exceptions to the court's charge must be presented to the court in writing, before the main charge of the court is read to the jury.

### 4.—Same—Impeaching Defendant—Held Proper.

It has long been the law in this state that a defendant who testifies in his own behalf, or any other witness, may be impeached by showing that he has been convicted or charged with a felony, and there was no error in this case in permitting the state to prove, by appellant that he had been charged with a felony, in another indictment.

### 5.—Same—Evidence—Properly Admitted.

Where appellant objected to the testimony of the Sheriff that he had delivered a man named Flowers to the penitentiary and that he was then in the penitentiary on the ground that this was not the best evidence of the fact sought to be established, such objection cannot be sustained. No better evidence of this fact was possible than the testimony admitted.

### 6.—Same—Circumstantial Evidence—Not Raised.

Where, on a trial for the sale of intoxicating liquor, the state witness testified that he had bought a quart of whiskey from appellant and paid him $2.50 therefor, the court properly refused to charge on circumstantial evidence.

### 7.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of the court's refusal to permit appellant to propound questions to state witness about his testimony before the grand jury, and his bill fails to disclose what answers would have been given by said witness, this court is unable to determine whether or not said proposed testimony was admissible. See Branch's Ann. P. C., p. 136. Also Massey v. State, 1 Tex. Crim. App., 569, and other cases cited.

#### ON REHEARING.

### 8.—Same—Continuance—Properly Refused.

On rehearing, appellant contends that we were in error in our original opinion in holding that his motion for continuance was properly refused. According to appellant's own testimony this absent witness was present, and a party to the sale of the whiskey, and it was certainly incumbent on him to use some diligence to secure his attendance. The motion for rehearing is overruled.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*C. E. Florence* and *M. B. Briggs* of Gilmer, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Upshur County for unlawfully selling intoxicating liquor, and his punishment assessed at three years in the penitentiary.

The record discloses that the appellant was charged by indictment with unlawfully selling to Henry Mings intoxicating liquor on or about the 15th day of April, 1925; that said indictment was returned into court and filed on May 16, 1925; and that the appellant was tried and convicted on October 6, 1925. The record further discloses that when this case was called for trial, the appellant announced ready, and after the state had introduced the prosecuting witness, Mings, and he had testified in behalf of the state to the effect that he purchased from the appellant on the 15th day of April, 1925, a quart of corn whiskey, paying him $2.50 for same, then the appellant sought to withdraw his announcement of ready for trial and have his case postponed or continued for the want of the testimony of one Berry Winn, by whom, it is alleged in said application, he expected to prove that a negro brought the whiskey in question to the back end of the drug store where the prosecuting witness said he received same. The application shows upon its face that said witness had never been subpœnæd up to the time when the appellant sought to withdraw his announcement and continue the case, but the appellant seeks to overcome his lack of diligence in this respect by alleging that there were three other cases pending against him for alleged sales of intoxicating liquor in the back end of said drug store to the prosecuting witness, Mings, and one W. B. Winn, and that he did not know, until after he heard the prosecuting witness' testimony what particular set of facts the state would rely upon for a conviction. Aside from the fact that said application does not show any diligence to obtain the testimony of the absent witness, there is nothing in the application showing that the appellant used any diligence to ascertain what state of facts or transaction the state

was relying upon for a conviction, from the date on which the indictment was returned to the time of the trial. There is no error shown in the refusal of the court to grant the application for a postponement or continuance.

Bill of exception No. 7 complains of the action of the court in refusing to grant appellant's motion for a new trial on the ground of newly discovered evidence, and raises the same question as bill No. 1 relative to the desired testimony of the witness, Berry Winn, and what we have stated with reference to said bill No. 1 applies fully to bill No. 7.

In bills of exception Nos. 2 and 3 the appellant complains of certain paragraphs of the court's charge to the jury, which objections were raised for the first time in the motion for a new trial. These objections came entirely too late, and in order to be considered by this court they should have been presented to the trial court before his charge was read to the jury. Art. 666, 1925 C. C. P., states: "All objections to the charge and to the refusal or modification of special charges, shall be made at the time of the trial." This has been the law since the Acts of the Legislature of 1913.

In bill of exception No. 4 complaint is made to the action of the court in permitting the District Attorney, on cross-examination, to ask the appellant if he were not indicted with one Hale in another and separate case, and in permitting the District Attorney to have the Sheriff testify, over appellant's objection, that he had delivered Charley Flowers to the penitentiary agent, and that he was sent to the penitentiary for making whiskey. This bill, as presented, shows no error. If the appellant had been charged with a felony in another indictment, it was proper for the state to ask him about it on cross-examination for the purpose of affecting his credibility as a witness before the jury; and the objection raised to the Sheriff's testimony that Charley Flowers, the man from whom the appellant stated he obtained the whiskey in question for the prosecuting witness, Mings, was in the penitentiary, because said testimony was not the best evidence obtainable, is not tenable. We know of no evidence that would be better than the testimony of the Sheriff himself to the effect that he delivered said witness to the penitentiary authorities and that he was in the penitentiary at the time of the trial, if the Sheriff knew it was a fact, as the bill indicates.

Bill No. 5 complains of the failure of the court to charge the jury on circumstantial evidence. This record does not disclose any error in this respect. The witness, Mings, testified posi-

tively to having purchased the whiskey in question from the appellant, paying him $2.50 therefor. These facts do not call for a charge on circumstantial evidence.

Bill No. 6 complains of the remarks used in the closing argument of the District Attorney to the jury. This bill, as presented, shows no error.

Bills Nos. 8 and 9 complain of the action of the court in sustaining the state's objection to appellant's question propounded to the prosecuting witness, Mings, as to his being before the grand jury, but the bills, as presented, fail to show what the answers of said witness would have been, and therefore this court is unable to determine whether or not said proposed testimony was admissible. See Branch's Ann. P. C., p. 136, paragraph 4, citing Massey v. State, 1 Tex. Crim. App. 569; Luttrell v. State, 14 Tex. Crim. App. 152; Porter v. State, 60 Tex. Crim. Rep. 588, 132 S. W. 939; Fletcher v. State, 153 S. W. 1135, and many other authorities there collated. Also see Punchard v. State, 240 S. W. 939.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant devotes the principal part of his motion for rehearing and argument thereon to the contention that the trial court's refusal to permit appellant to withdraw his announcement and continue the case to secure the testimony of Berry Winn should not have been sustained.

Mings, the alleged purchaser, testified that he asked appellant if he had any whiskey, to which appellant replied that he did not have it there, but would have to go after it; that this conversation occurred in the rear of Winn's drug store; that in a few minutes he again saw appellant in the front of the drug store and appellant said it was back there in a carton on the shelf, that he paid appellant $2.50 and secured the whiskey. Mings says no one was present but he and appellant at the time of the first conversation, and makes no mention of anyone being present at the time of the last conversation when he learned from appellant where the whiskey was and paid him for it.

Appellant testified that Mings asked appellant if he knew where Mings could get some whiskey and told Mings he did not have any, but would try to find some; that this took place in the back end of Winn's drug store; that appellant left and found a negro by the name of Flowers who said he had some whiskey and appellant told him Mings wanted it and told him to take it to the drug store; that appellant went on toward the postoffice and came in the front door of the drug store when Mings asked him if he found anything and he told him yes, that it was back on the shelf. Appellant claims to have seen Flowers put the whiskey on the shelf. He says Mings gave him the $2.50 which appellant handed to Flowers, and that Winn was present and witnessed the transaction.

Under this state of the record we cannot agree with appellant's claim that he was not lacking in diligence in procuring process for Winn previous to the trial. According to his own evidence Winn was present during part of the transactions with Mings. It occurs to us that the slightest diligence would have prompted an effort to secure Winn's presence to support appellant's theory.

We have examined into the other questions urged by appellant in his motion for rehearing and think they were properly disposed of in our original opinion.

The motion for rehearing is overruled.

*Overruled.*