TOBE WASHINGTON v. THE STATE.

No. 5587.   Decided December 3, 1919.

1.—Burglary—Statement of Facts—Practice on Appeal.

Where the statement of facts was filed more than ninety days after the adjournment of the trial court at which the defendant was convicted, the same cannot be considered on appeal.

**2.—Same—Transcript—Duty of Clerks.**

Where the transcript was not filed in this court until nearly one hundred and fifty days after the adjournment of the trial court, the same was a plain dereliction of the clerks, who are hereby admonished to comply with the law in this respect. Following: Northcut, 70 Texas Crim. Rep., 577, 158 S. W. Rep., 1004, and other cases.

**3.—Same—Bills of Exception—Practice on Appeal.**

In the absence of a statement of facts, bills of exception with reference to defendant's confession cannot be considered on appeal and, the indictment and charge of the court being sufficient, the judgment is affirmed.

Appeal from the District Court of Houston. Tried below before the Hon. John S. Prince, judge.

Appeal from a conviction of burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Houston County of the offense of burglary, of a private residence and given a sentence of five years in the penitentiary.

We cannot consider the statement of facts filed in this case, because the same was filed in the office of the district clerk more than ninety days after the adjournment of the term at which appellant was convicted. See art. 845, C. C. P. It appears from the record that said term of court adjourned on April 23, 1919, and the statement of facts was not filed until August 1, 1919.

We also call attention to the fact that the transcript herein was not filed in this Court until September 17, 1919, or nearly one hundred and fifty days after the adjournment of the trial court. This is in plain violation of the duty enjoined upon the district clerk by our statute, which requires that transcripts be made out at once after adjournment, and forwarded to this Court. Attention was called to this character of dereliction in Francis v. State, 70 Texas Crim. Rep., 243, 156 S. W. R., 1167, and in Northcut v. State, 70 Texas Crim. Rep., 577, 158 S. W. R., 1004.

We trust that the time will come when the district clerks of this State will more carefully observe the requirements of our laws in this respect.

There are three bills of exceptions in the record, but there is no statement therein as to when any of them were filed with the district clerk. They complain in various ways that the admission of the alleged confession was obtained by force. Without any statement of facts, we are unable to say whether this is error. If, in connection with such confession, statements were made by appel-

lant which led to the finding of the stolen property, the fruits of the crime, etc., such confession would be admissible, notwithstanding.

The indictment and the charge of the court seem to follow the law, and, no error appearing, the judgment of the trial court is affirmed.

*Affirmed.*