App. 582; Ainsworth v. State, 8 Tex. App. 537; Hill v. State, 10 Tex. App. 625.

[3] The court limited appellant's right of self-defense. The evidence does not impress us as of a character making a charge upon provoking the difficulty appropriate. The act of the appellant in lying down upon the pallet and refusing upon request to surrender it was not unlawful; and though it may have been inconsiderate, it does not appear to have been intended by him to bring about an assault by the deceased that harm might be done him, nor reasonably calculated to provoke the deceased to attempt to injure him. Young v. State, 53 Tex. Cr. R. 417, 110 S. W. 445, 126 Am. St. Rep. 792; Roberson v. State, 203 S. W. 349; Ruling Case Law, vol. 13, p. 833, § 137; Franklin v. State, 34 Tex. Cr. R. 286, 30 S. W. 231.

While no complaint is made of the failure to charge on the law of aggravated assault arising under article 1149 of the Penal Code, and the evidence suggesting that the homicide may have taken place in a sudden passion and death inflicted with an instrument which was not per se a deadly weapon (Hill v. State, 11 Tex. App. 470, and other cases cited in Branch's Annotated Penal Code, § 2103), we deem it proper, in view of another trial, to mention this phase of the case.

For the errors pointed out, the judgment is reversed, and the cause remanded.

---

(86 Tex. Cr. R. 327)

WASHINGTON v. STATE. (No. 5587.)

(Court of Criminal Appeals of Texas. Dec. 3, 1919.)

1. CRIMINAL LAW ⊜1099(5)—CONSIDERATION OF STATEMENT OF FACTS NOT FILED IN TIME.

A statement of facts filed more than 90 days after adjournment of the term at which conviction was had, contrary to Code Cr. Proc. art. 845, cannot be considered.

2. CRIMINAL LAW ⊜1106(2)—WHAT CONSTITUTES FILING OF TRANSCRIPT "AT ONCE."

A transcript, filed nearly 150 days after adjournment of trial court, is in plain violation of the duty enjoined on the district clerk by statute, requiring that transcripts be made out "at once" after adjournment, and forwarded to Court of Criminal Appeals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, At Once.]

3. CRIMINAL LAW ⊜1097(4)—ADMISSIBILITY OF CONFESSION NOT CONSIDERED IN ABSENCE OF STATEMENT OF FACTS.

Without a statement of facts appellate court cannot determine whether confession was obtained by force.

4. CRIMINAL LAW ⊜537—FORCED CONFESSION ADMISSIBLE IF THEREBY FRUITS OF CRIME ARE DISCOVERED.

In a prosecution for burglary of a private residence, a confession obtained by force is admissible if in connection therewith defendant made statements which led to the finding of the stolen property, the fruits of the crime.

Appeal from District Court, Houston County; John S. Prince, Judge.

Tobe Washington was convicted of burglary of a private residence, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Houston county of the offense of burglary of a private residence, and given a sentence of five years in the penitentiary.

[1] We cannot consider the statement of facts filed in this case, because the same was filed in the office of the district clerk more than 90 days after the adjournment of the term at which appellant was convicted. See article 845, C. C. P. It appears from the record that said term of court adjourned on April 23, 1919, and the statement of facts was not filed until August 1, 1919.

[2] We also call attention to the fact that the transcript herein was not filed in this court until September 17, 1919, or nearly 150 days after the adjournment of the trial court. This is in plain violation of the duty enjoined upon the district clerk by our statute, which requires that transcripts be made out at once after adjournment, and forwarded to this court. Attention was called to this character of dereliction in Francis v. State, 70 Tex. Cr. R. 243, 156 S. W. 1167, and in Northcutt v. State, 70 Tex. Cr. R. 577, 158 S. W. 1004.

We trust that the time will come when the district clerks of this state will more carefully observe the requirements of our laws in this respect.

[3, 4] There are three bills of exceptions in the record, but there is no statement therein as to when any of them were filed with the district clerk. They complain in various ways that the admission of the alleged confession was obtained by force. Without any statement of facts, we are unable to say whether this is error. If, in connection with such confession, statements were made by appellant which led to the finding of the stolen property, the fruits of the crime, etc., such confession would be admissible notwithstanding.

The indictment and the charge of the court seem to follow the law; and, no error appearing, the judgment of the trial court is affirmed.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes