LATTIMORE, J.
Appellant was convicted in the district court of Houston county of the offense of burglary of a private residence, and given a sentence of five years in the penitentiary.
[1] We cannot consider the statement of facts filed in this case, because the same was filed in the office of the district clerk more than 90 days after the adjournment of the term at which appellant was convicted. See article 845, C. C. P. It appears from the record that said term of court adjourned on April 23, 1919, and the statement of facts was not filed until August 1, 1919.
[2] We also call attention to the fact that the transcript herein was not filed in this court until September 17, 1919, or nearly 150 days after the adjournment of the trial court. This is in plain violation of the duty enjoined upon the district clerk by our statute, which requires that transcripts be made out at once after adjournment, and forwarded to this court. Attention was called to this character of dereliction in Francis v. State, 70 Tex. Cr. R. 243, 156 S. W. 1167, and id Northcutt v. State, 70 Tex. Cr. R. 577, 158 S. W. 1004.
We trust that the time will come when the district clerks of this state will more carefully observe the requirements of our laws in this respect.
[3, 4] There are three bills of exceptions in the record, but there is no statement therein as to when any of them were filed with the district clerk. They complain in various ways that the admission of the alleged confession was obtained by force. Without any statement of facts, we are unable to say whether this is error. If, in connection with such confession, statements were made by appellant which led to the finding of the stolen property, the fruits of the crime, etc., such confession would be admissible notwithstanding.
The indictment and the charge of the court seem to follow the law; and, no error appearing, the judgment of the trial court is affirmed.

<§=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes