## Abraham Lincoln Greer v. The State.

No. 13564.   Delivered October 8, 1930.
Rehearing denied December 3, 1930.
Reported in 32 S. W. (2d) 845.

492

The opinion states the case.

*Fletcher S. Jones* of Beaumont, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, ninety-nine years in the penitentiary.

Deceased was found dead in his place of business with a wound in his head indicating that he had been struck with some blunt instrument. A bull chisel lay near his body. There was blood and hair on it. The circumstances indicate that he was killed on Sunday morning about nine or ten o'clock. Appellant was seen around deceased's place of business near this time. The deceased when found had his pockets turned wrong side out and a broken watch chain clung to his clothing. Officers learned that appellant was in possession of a watch on the day of the killing. They questioned him and he admitted that he had taken a watch off the deceased after he was killed and told the officers that he had let a boy at the sawmill have the watch. The officers went with appellant to the sawmill, the boy was pointed out to them by appellant and on this boy they found a watch with a broken chain, which was identified as the watch of deceased. This is the State's case and it is insisted that the evidence is insufficient. We are not able to agree with this contention.

Motion was made to transfer appellant's case to the juvenile court and on a hearing before the court on this motion, evidence was offered from a dentist who had examined appellant's teeth that he would judge him to be nineteen or twenty years old. He testified: "I determine this boy's age by the third molar tooth. A third molar tooth is cut anywhere from 16 to 35 years." Appellant objected to this testimony because it was not the proper way to prove the age of the defendant "as recognized by law, for * * * the age of any person can only be proved by family history, or by some person knowing the event at the time at which a person is born, or

by some declaration of some deceased relative who was familiar with the family history of defendant." These were the sole objections. The witness' qualification is not questioned in the bill. Assuming, therefore, as we must, that the witness was qualified to testify and that he testified about a matter of science, the correctness of which is apparently conceded, we have no difficulty in reaching the conclusion that the testimony was admissible. It has been said:

"Expert testimony is admissible concerning questions involving a knowledge of science, or of the arts; or of technical qualifications, or of professional skill * * * such as the race to which a person belongs, the age of children," etc. Underhill's Crim. Evd. (3rd Ed.), Paragraph 192.

Nor can we agree with appellant that proof of age may be made only in the manner pointed out by him in his objection. We take the following from the syllabi of Bice v. State, 37 Tex. Crim. Rep. 38:

"The testimony of a physician, who was well acquainted with the prosecutrix, was competent and admissible to the effect, that at the time of the alleged carnal intercourse, judging from the physical appearance, size and development of the prosecutrix, she was a young woman of about the age of seventeen or eighteen years."

For other cases see Donley v. State, 44 Tex. Crim. Rep. 428; Walker v. State, 25 Tex. Crim. App. 448; Wooldridge v. State, 86 Tex. Crim. Rep. 348.

It is shown that the oral confession of appellant already referred to was made while under arrest and unwarned and circumstances were testified to indicating that it was not voluntary. Objection was made to its admissibility for these reasons. The rule is aptly stated in Williams v. State, 88 Tex. Crim. Rep. 93:

"Its admissibility rests upon that provision of the statute on confessions which permits the introduction of verbal and unwritten statements of the accused while under arrest and unwarned in instances where "in connection with the confession he makes statements of facts or circumstances that are found to be true and which conduce to establish his guilt, such as finding the secreted or stolen property, or the instrument with which he states the offense was committed." Spearman v. State, 34 Texas Crim. Rep. 279; Collins v. State, 24 Texas Crim. App. 151; Branch's Ann. Texas P. C., sec. 63."

See recent case of Hoobler v. State, 24 S. W. (2nd) 413, where the exact question here raised was decided adversely to appellant.

Three bills of exception appear in the record presenting the question of the identification of the watch in question by hearsay testimony. The purport of each of these was to the effect that officers were permitted to state that the daughter of the deceased had identified his watch. The objection is that the appellant at the time was under arrest and that these statements were made in his absence. There is no certificate of the judge shown in the bills to the truth of the facts stated in the objections. We quote the rule concerning such matters:

"A bill of exception complaining of the admission of testimony as to transactions or conversations, over the objection that they occurred in the absence or out of the presence and hearing of the accused, must show as a fact that they occurred out of his presence and hearing; it is not enough to state merely as a ground of objection that such was the case." 4 Tex. Jur., Paragraph 230.

"The bill must certify as a fact that the accused was under arrest when the declarations or statements were made; it is not sufficient where it merely states as a ground of objection that such was the case, or does not show that he knew or thought that he was under arrest at the time." 4 Tex. Jur., Paragraph 228.

The facts and circumstances surrounding the purported identification of this watch by witnesses are not shown in the bills and for aught that appears it may have occurred before appellant's arrest and in his presence during a conversation with him. The bills present nothing for review. Authorities supra.

The appellant insists that the Court's charge was error because, as stated in his exceptions thereto, it "does not tell the jury that if they find and believe from the evidence that some other person did in fact kill deceased, that the defendant would not be guilty of murder." This is not a correct legal proposition. Obviously if he participated in the killing as a principal he could be guilty, even though the act of killing the deceased was done by another. If another killed without the guilty participation of the accused as a principal, he is entitled to an acquittal and in cases where the evidence raises such issue, the Court must defensively present this. See Hext v. State, 104 Tex. Crim. Rep. 46, and authorities there collated. We somewhat doubt if the evidence sufficiently raises the issue of a killing by another without the guilty participation of appellant, but assuming that it does, we regard this exception as

too general to raise the question discussed, or the further question suggested in argument that appellant's connection with the killing was that only of an accomplice or accessory.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The question of whether a confession be voluntary or otherwise is not an issue for the jury in a case where, without dispute, such confession contains statements of facts or circumstances, which later and as a result of such statements are found to be true, which facts or circumstances conduce to establish the guilt of the party confessing. Ortiz v. State, 68 Texas Crim. Rep. 524; Hilliard v. State, 87 Texas Crim. Rep. 416. This is the holding of all the authorities, and has application in this case. Appellant's statements made to the officers led to the discovery and location of the watch of deceased, with a broken chain attached corresponding to a broken chain found in the clothing on the body of deceased soon after the homicide. The cases of Hoobler v. State, 24 S. W. (2d) 413, and Silva v. State, 278 S. W. Rep. 216, cited in appellant's motion, do not hold otherwise. As we understand said cases they merely hold, and correctly, that if one makes two confessions, statements in one of which are found to be true so that same is held admissible for that reason,—it would still be error to admit the other confession made after the discovery of the facts conducing to establish guilt, which second confession contains damaging facts not in the first,—unless such second confession be itself admissible under some phase of Art. 727, C. C. P. If the confession carries within its own body facts whose development demonstrate that the truth has been told by the party confessing, the safe-guards of the law are fully met, and the confession is admissible, even though obtained by threats, persuasion or other means. Singleton v. State, 87 Texas Crim. Rep. 302.

Appellant asserts that his confession was inadmissible under the terms of Art. 727a, C. C. P., which forbids the reception of evidence obtained in violation of law, etc. Nothing in the record before us supports the proposition that any law was violated in obtaining the statement or confession of appellant.

We have examined the record to see if there is any testimony suggesting that another person than appellant struck the blow which caused the death of deceased, and have found none. That being true, it could not be error for the court to refuse a special charge that appellant be acquitted if the jury find that the fatal blow was struck by another without the participation or knowledge of appellant. The applicability of charges rests on facts before the trial court. The evidence set out in appellant's motion seems to fall far short of supporting his contention.

We have again considered the sufficiency of the testimony, and believe it enough to justify the jury's conclusion of guilt. We have tried to get appellant's viewpoint with reference to the hurtful relevance of the conduct and argument of the State's attorney regarding the matter of the daughter of deceased not having seen the body of her father after his death,—but are unable to believe that injury could have resulted from such matter.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.