## L. A. McCoy v. The State

No. 17696.   Delivered May 22, 1935.
Appeal Reinstated June 26, 1935.
Rehearing Denied, Without Written Opinion, October 23, 1935.

The opinion states the case.

*E. T. Simmang* and *John Simmang,* both of Giddings, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

Notice of appeal was given May 7, 1930. The clerk's

certificate to the transcript bears date April 26, 1935. The transcript was forwarded to the clerk of this court on the 30th of April, 1935.

Art. 841, C. C. P., reads as follows: "The clerk of a court from which an appeal is taken, shall prepare as soon as practicable, a transcript in every case in which an appeal has been taken, which shall contain all the proceedings had in the case and conform to the rules governing transcripts in civil cases."

Art. 843, C. C. P., provides: "As soon as prepared, the clerk shall forward the transcript by safe conveyance, charges paid, inclosed in a securely sealed envelope, directed to the Clerk of the Court of Criminal Appeals."

Manifestly, the requirements of the statutes mentioned were not observed by the clerk who was serving the district court at the time of the conviction. Attention was called to this character of dereliction in Washington v. State, 216 S. W., 869, in which the court referred to the cases of Francis v. State, 70 Texas Crim. Rep., 243, and Northcutt v. State, 70 Texas Crim. Rep., 577. The present district clerk of Lee county did not take office until January 1, 1933, and appears not to have had any connection with said office prior to said date. It is shown by his certificate that the failure to forward the transcript earlier was not due to any negligence on his part.

The clerk certifies that there is no judgment of record in the minutes of the court below. The same certificate is made regarding the sentence. In the absence of a judgment and sentence this court is without juridiction.

The appeal is dismissed.

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Deceased, James Weaver, owed appellant $2.35. Appellant was seeking to collect said amount. While he and deceased were discussing the matter they became angry. According to the State's version, deceased stated that he would

pay appellant all he owed him and that he did not want appellant to speak to him again. Appellant replied that he would not thereafter extend deceased any credit. The State's testimony was to the further effect that during the argument appellant shot deceased with a pistol when deceased was making no demonstration toward him. Again, the proof on the part of the State showed that deceased was unarmed at the time he was shot. Appellant testified that deceased had threatened to kill him. He testified further that when he fired the fatal shots deceased was advancing on him with a knife, threatening to kill him.

Two bills of exception are brought forward. In one of said bills it is shown that on cross-examination the district attorney asked appellant the following question: "Did you not tell Elberta Thompson a few days before the killing that you would love to know how a man would feel to kill a man; that it would not bother you?" Appellant objected and the district attorney withdrew the question. The court instructed the jury in writing to disregard said question. The bill fails to show that appellant answered. If the statement of facts be consulted it is observed that he denied that he made said statement. The matter was not pursued further. Nevertheless, he contends that the mere asking of the question should work a reversal of the judgment. If the question was improper, a reversal would not necessarily follow. In Booth v. State, 234 S. W., 888, this court, speaking through Judge Hawkins, said: "It is in exceedingly rare instances where this court would feel called upon to reverse a case solely because counsel may have propounded an improper question." We quote from Ard v. State, 276 S. W., 263, as follows: "The asking of a question whose affirmative answer might be hurtful to the accused would ordinarily present no error when complained of in a bill of exceptions unless the answer is given, and, if given and answered in the negative, as is the case in appellant's bill of exceptions No. 5, no error would be made to appear." See, also, Fritts v. State, 42 S. W. (2d) 609. We are constrained to hold that the bill of exception fails to reflect reversible error.

The other bill of exception shows that the district attorney propounded to appellant the following question: "Did Weaver stop you a few weeks before that proposition and take a shotgun away from you when you were trying to shoot some white people? Did Weaver stop you from shooting some white people?" The bill recites that the court overruled ap-

pellant's objection, but fails to show that the question was answered. Proof of the fact that deceased had interferred with appellant when he was making an attack on others, and that such interference had angered the appellant and caused him to entertain hatred toward deceased, would have been relevant and material. The bill of exception sets forth no facts and circumstances negativing the relevancy and materiality of such testimony. The bill merely shows the question and appellant's objections thereto. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Texas Penal Code, section 209; Buchanan v. State, 298 S. W., 569. The bill being insufficient to show that there was error in admitting said testimony, we must presume that the trial court's ruling was correct. Buchanan v. State, supra.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.