First State Bank v. Metropolitan Casualty Ins. Co. (Tex. Sup.) 79 S.W.(2d) 835; National Bond & Mortgage Corp. v. Davis (Tex. Com. App.) 60 S.W.(2d) 429, 432; Galveston, H. & S. A. R. Co. v. American Grocery Co., 122 Texas. 1, 7, 13, 36 S.W. (2d) 985, 990, and cases cited. We think the evidence sustains the findings of the trial court.

 It follows from what has been said that a franchise and an easement granted by a city to a railway company for the use of its streets are subject to taxation. But, since it appears that the railway company has paid to the city of El Paso the amount of taxes due for the years above described, on all of its property, except the amount in question, and it further appearing, as found by the trial court, that the assessment of the property involved here was violative of the fundamental rules governing the assessment of property for taxation, it would serve no useful purpose to remand this cause. Therefore, the judgment of the Court of Civil Appeals will be reversed, and the judgment of the trial court affirmed.

## HEMANES v. STATE.

No. 17697.

Court of Criminal Appeals of Texas.

May 22, 1935.

E. T. Simmang, of Giddings, and Bowers & Bowers, of Caldwell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction for bigamy, the punishment being assessed at confinement in the penitentiary for two years.

Notice of appeal was given October 31, 1929. The clerk's certificate to the transcript bears date December 31, 1934. The transcript was forwarded to the clerk of this court on the 30th of April, 1935. In the case of L. A. McCoy v. State of Texas, 86 S.W.(2d) 748, this day delivered, we called attention to the requirements of the statutes relating to the preparation and forwarding of transcripts. It is clear that the requirements of said statutes have not been observed in the present case. However, it is shown that the present clerk of the district court was not in office at the time and is not guilty of dereliction.

The district clerk certifies that no sentence is embraced in the minutes of the trial court. In the absence of a sentence, this court is without jurisdiction.

The appeal is dismissed.

MORROW, P. J., absent.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.