ESTER BRYANT v. THE STATE.

No. 18566. Delivered November 12, 1936.

The opinion states the case.

*Harris & Harris*, of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried charged the offense of burglary and embraced averments showing that appellant had been twice previously convicted of felonies less than capital. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for life.

R. J. Henderson testified that his residence at 1407 Rio Grande Street, Austin, Texas, was burglarized on the 6th of December, 1935, sometime between 8 a. m. and 5 p. m. The property taken from his residence consisted of a shotgun, an electric iron and a clock. Mr. Henderson testified: "Those articles were located in my house, and in order to get to those articles, it was necessary for a door to be opened or a window pushed up in order to get into my house." The stolen property was traced to the possession of appellant. According to the testimony of one of the arresting officers, appellant stated to him that he, Aurelius McCraddock and another negro burglarized Mr. Henderson's house. Appellant told the officers where the stolen property would be found, and, as a result of this statement, the officers recovered the property and returned it to Mr. Henderson. The State also introduced appellant's written confession in which he stated that he participated in the commission of the burglary, and that the house was entered by one of his (appellant's) companions by opening two doors.

Testifying in his own behalf, appellant denied that he was a participant in the burglary and declared that he had received the stolen property from Sugar Miller. It was appellant's version that he had been whipped by the officers before he stated that he had committed the burglary. He testified that his confession had been coerced and was untrue.

Appellant objected to the introduction of the confessions on the ground that they were involuntary. It appears from the testimony of the officers that the written confession was made two or three days after appellant had told the officers he had committed the burglary and had advised them where they could find the stolen property. The officers testified that there was no mistreatment of appellant at the time he made the written confession. One of the officers admitted that he had slapped appellant prior to the time appellant told him where the stolen property could be found. He declared that he was questioning appellant about some other stolen property he had found in his possession. He said that appellant became impudent and he slapped him. The oral confession was admissible because, in connection therewith, appellant made statements which led the officers to the stolen property. In short, appellant made statements which were found to be true, and which conduced to establish his guilt. Pursuant to said statements the stolen property was found. Art. 727, C. C. P.; Greer v. State, 32 S. W. (2d) 845; Hoobler v. State, 24 S. W. (2d) 413.

If we comprehend the record the officers appellant said mistreated him were not present when appellant made his written confession. The testimony of the State was to the effect that there was no mistreatment of appellant at the time said written confession was made. Upon the trial appellant claimed he made same because he had been whipped. This presented an issue for the jury as to the voluntary character of the confession, which was submitted in the charge of the court. Under the circumstances, we think the facts presented by the record do not show that the written confession was involuntary. Hence it was properly admitted in evidence. See Hoobler v. State, supra.

Appellant objected to the testimony of the State showing that at the time he was arrested he was in possession of other stolen property. It is observed that substantially the same testimony went before the jury without objection on the part of appellant. For example, one of the arresting officers testified, without objection on the part of appellant, that on the occasion of his arrest appellant had a sack of clothes which had come from a house that had been burglarized. One of the officers testified, without objection, as follows: "I recall there were two sweaters, a pair of shoes, quite a bunch of handkerchiefs, two scarfs and a bunch of odds and ends like that in that sack or pillow case that was found in the car when I arrested the defendant. Some of the property had the name

of Bert Burns on it." Substantially the same testimony being before the jury without objection on the part of appellant, we would not be warranted in holding that reversible error is presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.