JOHN PAUL HAMON v. THE STATE.

No. 19612.   Delivered April 20, 1938.
Rehearing denied October 19, 1938.

348

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

About the 8th of May, 1937, some one stole a calf belonging to Theo. Dunman. Upon being arrested, appellant made a confession in which he stated that he had committed the theft and had sold the Dunman calf to M. E. Hafner. At the time appellant made this statement the stolen animal had not been discovered, either by the owner or by the officers. It was pursuant to the declarations contained in the confession and verbal statements of appellant that the animal in question was traced to the possession of Mr. Hafner. Appellant accompanied the officers to the Hafner ranch, and, pointing out a calf, declared that he had stolen it from Mr. Dunman. Witnesses for the State identified the animal as being the property of the injured party. Mr. Hafner gave testimony to the effect that he bought the calf from appellant about the 8th day of May, 1937.

Testifying in his own behalf, appellant repudiated his confession and declared that the calf he sold to Mr. Hafner belonged to him (appellant) and had been raised by him on his

father's farm. Appellant's testimony was to the further effect that he had been mistreated by the officers to the extent that he was forced to make the confession.

Appellant filed a first application for a continuance based upon the absence of several witnesses, some of whom it was alleged would give testimony raising the issue of alibi. By other witnesses it was averred that appellant would prove that he had been mistreated by the arresting officers prior to the time he made a confession. As to the latter testimony, it is observed that the trial judge reached the conclusion that appellant's confession was involuntary. We say this in view of the fact that the court instructed the jury to such effect and advised them to disregard the confession unless they believed beyond a reasonable doubt "that the calf found by the officers in the possession of M. E. Hafner was the calf that had been stolen from Theo. Dunman, and that same was found, located and identified by reason of the statements made by the defendant." In this connection we quote from 18 Tex. Jur. 179, as follows:

"Regardless of whether the accused was under arrest or had been warned, his verbal, or written confession is admissible where the facts and circumstances stated have been found to be true and conduce to establish his guilt. Such facts and circumstances may consist of finding of secreted or stolen property or the instrument with which the crime was committed, or of the discovery or identity of the remains, clothing, jewelry or personal effects of the person whom the accused is charged of having murdered. This is true even though the confession was involuntary or was procured by force, threats or intimidation, persuasion, assurance of protection against mob violence or deception."

In support of the text many authorities are cited, among them being Washington v. State, 216 S. W. 869; Brown v. State, 9 S. W. 613; Ferguson v. State, 40 S. W. (2d) 107; Singleton v. State, 221 S. W. 610.

In view of the instruction of the court, the testimony of the absent witnesses on the question of the mistreatment of the appellant would have been immaterial. Unless the jury found that the calf belonged to Dunman and that it was discovered as a result of the confession of the appellant they were not warranted, under the charge of the court, in considering said confession for any purpose.

As to the witnesses whom it was alleged would give testimony raising the issue of alibi, it is observed from the court's

qualification to the bill of exception that two of said witnesses appeared and testified for the appellant. Touching their testimony, the qualification is as follows: "Neither testified to seeing the defendant out of Coleman County, Texas, on the date the State relied for a conviction." Moreover, it is observed that, notwithstanding appellant took the stand in his own behalf, he failed to give any testimony raising the issue of alibi. Under the circumstances, we perceive no error in the action of the court in overruling the motion for new trial in so far as same was predicated upon the refusal of the application for continuance. It might be added that appellant failed to attach the affidavits of the absent witnesses showing the testimony they would have given.

Several bills of exception relate to the action of the court in admitting in evidence appellant's confession. Our discussion of the bill of exception relative to the refusal of the application for continuance is referred to in support of our conclusion that appellant's objection to the confession was properly overruled.

It is shown in bill of exception No. 1 that the court declined to permit appellant to prove by the witness Hafner that at the time he bought the calf in question he observed nothing that indicated that appellant "was trying to conceal anything." It appears that appellant elicited from the witness the following testimony: "The times that I saw that calf before I finally purchased it was down there on Pete Hamon's place; there was no effort on his part [referring to appellant] so far as I could tell, to conceal that calf; anybody could have seen that calf if they had gone there; it was running around with the other stock." We think the quoted testimony was substantially the same as that appellant sought to elicit from the witness. Hence we are constrained to hold that the bill of exception fails to reflect reversible error.

Bill of exception No. 5 presents the following occurrence: A. L. Barr, a witness for the State, testified that appellant stated to him while out on bond that he (appellant) "had stolen the Dunman calves but was not guilty of stealing the calves at Valera." Again, the witness testified that appellant stated that he was willing to plead guilty to stealing the Dunman calves. When this testimony was elicited counsel for the State stated to the court that the State made no claim that appellant had stolen any cattle in Valera and further that no charges had been preferred against him charging the theft of "any Valera cattle." In view of the statement of counsel for the State, we

would not feel warranted in holding that the bill of exception reflects reversible error.

Bill of exception No. 16 relates to appellant's complaint of the action of the court in refusing to permit him to elicit from his witness John Wilson certain testimony. An inspection of the statement of facts shows that the witness gave substantially the same testimony as that set forth in the bill of exception. We quote from his testimony as follows: "It would happen if you had bulls in a pasture and cows on the other side of a fence, when cows would get in heat it is a very common thing for the bulls to punch the fence down in the very same way and into the same condition as I found that fence there between the Dunman and the neighboring place there. That could happen. I have known it to happen. I have. However, on the Dunman ranch and the Severance ranch there, when the fence was in the condition that I have testified about, I had not seen it when the cows would come in heat and the bulls would break and go through the fence and put it in that condition. I do not think that we had any such trouble, that I remember, with the bulls going through the fences."

The bill fails to reflect error.

Appellant's bill of exception relating to the court's action in permitting counsel for the State to elicit from the appellant the fact that he had been placed in jail after being charged with the commission of the offense, as qualified, fails to present error. The court's qualification expressly states that appellant's counsel had elicited from him on direct examination that he had been confined in jail on the charge shown by the record herein.

In one of the bills of exception it is shown that counsel for the State asked appellant how many cattle he had stolen from the Dunman ranch in 1937. Appellant's objection to the question was sustained. Moreover, it appears that the witness Barr testified without objection that appellant stated to him that he was willing to plead guilty to stealing the Dunman calves. The indictment in the present case charged the theft of one head of cattle. In view of the statement of the witness Barr and of the further fact that appellant's objection to the question was promptly sustained, we are constrained to overrule the contention that the bill of exception reflects reversible error.

No error is shown in appellant's bill of exception relating to proof that he had been recently indicted in other cases of

theft. Testimony to such effect was admissible on the question of appellant's credibility as a witness.

Bill of exception 17, as qualified, fails to reflect error.

We have carefully examined the remainder of appellant's contentions and express the opinion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant has filed an exhaustive motion for rehearing herein which merely reiterates the points raised in his original brief filed in this cause.

We have carefully gone over the bills of exception, in the light of the original opinion herein, and we find that practically everything raised in such motion for rehearing has been noticed and written on in our former opinion. The motion brings nothing new to our attention, and we see no reason why we should recede from any position taken heretofore in this cause.

The motion will, therefore, be overruled.