# FEBRUARY 25, 1942

## H. A. COLLEY V. THE STATE.

No. 21622. Delivered January 21, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*Alex P. Pope, J. Y. Gray,* and *Nat Gentry, Jr.,* all of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for receiving and concealing stolen property, punishment assessed being two years in the penitentiary.

This is the second time this case is before us. The opinion on the first appeal is reported in 140 Tex. Cr. R. 34, 143 S. W. (2d) 597.

The facts are set out at some length in the opinion on the former appeal. It is only necessary here to state that the evi-

dence for the prosecution showed that two negro boys had an agreement with appellant to steal property and sell it to appellant, and that they burglarized a store belonging to Mr. Oliver, and for thirty or forty cents appellant bought from the boys more than fifty dollars worth of goods taken from the burglarized store. The two boys were accomplice witnesses. The only corroborating evidence comes from Mr. Adams, an officer, who testified that after his arrest appellant admitted that he had purchased certain of the stolen property from the boys and had sold it in Dallas. He went to Dallas with the officers and pointed out the place where, and the party to whom it was sold. The property was recovered and returned to the owner.

When the State placed Mr. Adams on the witness stand the court at appellant's request retired the jury and appellant testified in the absence of the jury to facts which it is not necessary here to relate in detail, but which, if true, showed that officer Adams struck appellant a number of times, and threatened to repeat the treatment unless appellant told where he had sold certain of the stolen property, and that because of such claimed punishment and threats appellant told Adams that he had sold the property in Dallas, and went with the officers to Dallas and pointed out the place where, and the man to whom it was sold; that he would not have either told where he sold it or pointed out the place if it had not been for the treatment he received and the threats made. Appellant's evidence brings the officer's conduct within the terms of Art. 1157 P. C., hereafter considered. Officer Adams' testimony is to the effect that he did strike appellant one time with his fist, but was provoked to do so because appellant had first kicked him (Adams) ; that it was at a later time that appellant made the statements about the stolen property here involved, and that no violence was used or threats made to induce appellant to make the statement, or to go to Dallas and point out the whereabouts of the property. It will be observed from the foregoing condensed statement that an issue was raised regarding the claim of mistreatment of appellant by the officer, the cause thereof and the purpose prompting it.

After the evidence was developed in the absence of the jury appellant offered the same before the jury, but it was excluded by the court on objection by the State on the ground that appellant's statements to officer Adams were admissible under the provisions of Art. 727 C. C. P., because in connection with appellant's confession he made statements of facts found

to be true and which conduced to establish his guilt, to-wit:—the finding of the stolen property.

The trial court may have been led to make the ruling because of some statements in the opinion on the former appeal. The record at that time presented no such question as now confronts us.

It is appellant's position that if the statement made by him to the officer was an involuntary or forced confession it would be inadmissible even though in the confession appellant made statements of facts or circumstances that were found to be true, and which conduced to establish his guilt. He further urges that if the evidence had been permitted to go to the jury an issue of fact at least would have been raised as to the voluntary character of the confession, which would have required its submission to the jury. We refer to Weller v. State, 16 Tex. Cr. R. 200, decided in 1884; Washington v. State, 86 Tex. Cr. R. 327, 216 S. W. 869; decided in 1919; Jones v. State, 50 Tex. Cr. R. 329; 96 S. W. 430, decided in 1906; Greer v. State, 116 Tex. Cr. R. 491, 32 S. W. (2d) 845; decided in 1930; Wesley v. State, 147 S. W. (2d) 493, decided in 1941. We do not further consider the very interesting point thus raised by appellant because we believe it is unquestionably controlled by statutes now to be adverted to.

Art 726, C. C. P. (Revision 1925) is a re-enactment of the old code and reads as follows: "The confession of a defendant may be used in evidence against him if it appears that the same was freely made without compulsion or persuasion, under the rules hereafter prescribed."

Art. 727, C. C. P. (Revision 1925) was an amendment passed by the Legislature in 1907, but not changing the provision now under consideration as it had theretofore existed. Said Article now reads: "The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning

which the confession, is therein made; or, unless in connection with said confession he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. If the defendant is unable to write his name, and signs statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

In 1923 the Legislature enacted a law now designated as Art. 1157 P. C. which reads:

"Any sheriff, deputy sheriff, constable, deputy constable, Texas ranger, city marshal, chief of police, policeman, or any other officer having under his arrest or in his custody any person as a prisoner who shall torture, torment or punish such person by inflicting upon him any physical or mental pain for the purpose of making or attempting to make such person confess to any knowledge of the commission of any offense against the laws of this State, shall be fined not less than one dollar nor more than one thousand dollars, or be imprisoned in jail not to exceed one year, or both such fine and imprisonment, and in addition thereto the jury may state in its verdict that the defendant should never thereafter be allowed to hold any office of profit or trust under the laws of this State, or any subdivision, thereof, nor any city or town thereof. Should the jury so state in its verdict, the court trying said case shall render judgment in accordance with said verdict and thereafter the defendant shall forever be barred from holding any such office."

In 1925 the Legislature enacted what is now designated as Art. 727a, C. C. P., and amended the same in 1929 so that it now reads as follows "No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution of the Untied States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

It is a well-recognized rule of statutory construction that "In case of an apparent conflict between two acts or statutory provisions both will be given effect if reasonably possible." 39 Tex. Jur., Sec. 100. See also 39 Tex. Jur. Sec. 114, which reads: "In case of conflict between a general provision and a special provision dealing with the same subject, the former

is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception, or proviso, removing something from the operation of the general law. (See authorities in foot-note supporting text).

In addition to the general rule of construction of statutes, we refer to Art. 5 of our Penal Code which provides: "Each general provision shall be controlled by a special provision on the same subject, if there be a conflict."

It is impossible to give the various articles of the Penal Code and Code of Criminal Procedure heretofore copied application without regarding the provisions of Art. 1157 P. C., and Art. 727a, C. C. P., as exceptions or limitations to Art. 727, C. C. P. Any other construction would result in ignoring the two last-mentioned statutory enactments if the facts made their provisions pertinent. Thus, we conclude that if an officer has under arrest or in his custody a person as a prisoner and inflicts upon such person any physical or mental pain for the purpose of making such person confess to any knowledge of the commission of any offense against the laws of this State, said officer has himself violated the law as enacted in Art. 1157 P. C., and if as a result of such violation of the law said person does confess, proof thereof becomes inadmissible as evidence under the provisions of said Art. 727a C. C. P., even though in connection with such confession the person should make statements found to be true, and which conduce to establish his guilt. It follows, therefore, if the evidence raised an issue upon the conduct of the officers and the purpose thereof, the issue should be submitted to the jury under appropriate instructions. If evidence is offered which would raise an issue as suggested, and the evidence is rejected as complained of in the present case, error is shown which demands a reversal.

In the Greer case, 116 Tex. Cr. R. 491, 32 S. W. (2d) 845, the confession was held admissible under the general provision of Art. 727 C. C. P. Objection thereto was urged upon the ground that it was obtained in violation of law. Judge Lattimore, writing for the court said: "Nothing in the record before

us supports the proposition that any law was violated in obtaining the statement or confession of appellant." The present record affirmatively raises the issue that the law was violated in securing the confession here involved.

For the reasons given, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State, through its very able district attorney of Smith County, has filed a motion for rehearing with a discussion of the authorities cited to sustain the prosecution. It is contended that the holding of this court is contrary to Hamon v. State, 135 Tex. Cri. Rep. 347, 119 S. W. (2d) 1057; Brooks v. State, 115 S. W. (2d) 678; Bryant v. State, 98 S. W. (2d) 189; Brooks v. State, 95 S. W. (2d) 136; Warren v. State, 94 S. W. (2d) 463; Greer v. State, 32 S. W. (2d) 845, and Wesley v. State, 147 S. W. (2d) 493.

The very exhaustive opinion reversing this case indicates the careful consideration given to the question presented by the members of this court while it was before us on original submission. While it will not be feasible or necessary to discuss the facts of each of the foregoing cases, it will be understood that if a holding in either of them is construed contrary to the doctrine announced in the instant case, it is hereby modified so as to conform with the original opinion or, if necessary, overruled. We think, however, that a thorough understanding of the facts of each case will reveal that most of them are distinguishable. It has probably not been considered necessary always to state the facts of a case as fully as some may think should be done. This seems to have been the cause of some confusion. The difficulty which prosecuting attorneys and trial judges have had in construing these decisions is recognized, but is unavoidable. The doctrine laid down in this case by the original opinion must be sustained and it is the law of the State.

The State's motion for rehearing is overruled.