# MARCH 13, 1946

## CLYDE FAULKNER V. THE STATE.

No. 23314. Delivered March 13, 1946.

The opinion states the case.

*E. T. Miller,* of Amarillo, and *H. M. Hood,* of Borger, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for burglary; the punishment, two years in the penitentiary.

The State's case depends upon the confessions of the appellant—one, oral and the other, written. The admissibility of the confessions is challenged.

It would serve no useful purpose to detail the facts touching the making of the confessions. It is sufficient to say that, according to the admissions of the officers, appellant made the confessions after having been slapped, knocked down, and confined in a dark or dungeon-like cell by the officers having him in custody—all with the purpose and view of making him confess.

Confessions taken under such circumstances are violative of the due process provisions of our State and Federal Constitutions, and should not be received in evidence. Attesting authorities, both by this court and the Supreme Court of United States, are numerous. We call attention only to: Abston v. State, 102 S. W. (2d) 428; Blackshear v. State, 130 Tex. Cr. R. 557, 95 S. W. (2d) 960; Sigler v. State, 139 Tex. Cr. R. 167, 139 S. W. (2d) 277; Colley v. State, 143 Tex. Cr. R. 390, 158 S. W. (2d) 1014; Brown v. Mississippi, 297 U. S. 278, 80 L. Ed. 682, 56 S. W. 461; Chambers v. Florida, 309 U. S. 227, 84 L. Ed. 716, 60 S. Ct. 472.

Attention is again called to what we said in Abston's case, viz:

"It is unfortunate that officers in their zeal sometimes go about obtaining confessions on the apparent idea that the 'end justifies the means,' thereby defeating the very thing they hope to accomplish."

Because the confessions were not admissible in evidence, the judgment of conviction is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.